COMMISSIONERS v. STAFFORD.

(Filed May 23, 1905.)

*Counties—Bonds for Necessary Expenses—Statutes—Amendments.*

1. The legislature has the power to pass an act authorizing a county to issue bonds for the purpose of raising funds to discharge an indebtedness incurred for necessary expenses.

2. When an act has been passed in accordance with Art. 2, Sec. 14 of the Constitution an amendment which does not increase the amount of the bonds or the taxes to be levied or otherwise materially change the original bill, may be adopted by the concurrence of both houses of the general assembly.

3. An amendment to a bill authorizing county commissioners to issue bonds which struck out a provision permitting the commissioners to purchase at the end of 5 years and annually thereafter one-fifth of the bonds does not materially affect the original bill.

ACTION by the Board of Commissioners of Chatham County against F. M. Stafford & Company, heard by *Judge B. F. Long* at the May Term, 1905, of the Superior Court of CHATHAM County.

This is a civil action submitted to the court upon the following agreed statement of facts: "The Legislature of North Carolina, at its session of 1905, passed an act, set out in the record, authorizing the Commissioners of Chatham County to issue and sell bonds in the sum of $20,000, redeemable in the following manner, two thousand dollars ten years from the date of issue and two thousand dollars annually thereafter until the whole amount should be paid, said bonds to bear interest at five per cent. Said bonds were authorized to be issued to pay the outstanding indebtedness incurred for the necessary expense of said County prior to the first day of January, 1905, which fact appears in the body of the act and is an admitted fact. The bill was originally introduced

in the Senate, containing a provision permitting the Board of Commissioners of the said county, after the expiration of five years from the date of issue, to purchase, at their discretion, annually, an amount not exceeding one-fifth of the whole of said issue. This provision was contained in section 2 of said original bill. The bill in this form ·passed the Senate in strict compliance with the requirements of Art. II., sec. 14, of the Constitution of North Carolina; was then sent to the House of Representatives and passed that body in the constitutional manner upon its first and second readings, when an amendment was offered, striking out the said section 2, and the bill as thus amended was passed in the House of Representatives in the way and manner prescribed by the said article and section of the Constitution; it went back to the Senate, which body concurred in the amendment. The bill was then properly ratified as required by law. The plaintiffs, after the ratification of the bill, passed an order, as appears on their minutes, authorizing the issue and sale of the twenty thousand dollars worth of bonds authorized in the act, the same to be sold at the court house in Pittsboro on the 10th day of March, 1905. The said sale was advertised in accordance with the provisions of the act, and the bonds exposed to public sale at the said time and place. Several bids were offered, and F. M. Stafford & Co., the defendants, were the highest bidders at the sum of twenty thousand, nine hundred dollars, and the bonds were awarded to them, the written bid, the acceptance of the same by the board, which was then in session, became a part of the minutes of the said board. The defendants have been furnished with a statement from the clerk of the Board of Commissioners showing the minutes of the board, which are satisfactory to them, also that the certified copy from the Secretary of State of North Carolina giving copy of the Journals of both Houses of the Legislature as above stated. The purposed issue of bonds is for the indebtedness of the county incurred prior

to the first day of January, 1905, which indebtedness was incurred for the necessary expenses of the county. It is agreed that if the court shall be of opinion that the said bonds are, or will be when issued, valid, then the defendants shall be ordered by judgment of the court to comply with their bid, pay the money and take the bonds; but if it shall be of opinion that the bonds issued under this act are not valid, then judgment shall be entered against the plaintiffs."

The court being of opinion that the bill was duly passed and ratified in accordance with the Constitution rendered judgment that the defendants take and pay for the bonds in accordance with their bid. Defendants excepted and appealed.

*R. H. Hayes* for the plaintiff.
*W. D. Siler* for the defendant.

CONNOR, J., after stating the facts. It is conceded and so recited in the Statute and the record, that the bonds authorized to be issued are for the purpose of raising funds with which to discharge an indebtedness incurred for necessary expenses. That the legislature had the power to pass the act is settled by numerous decisions of this court *Smathers v. Commissioners,* 125 N. C., 480; *Jones v. Commissioners,* 50 S. E. Rep., 291.

It is equally well settled that, when the Act has been passed in accordance with the provisions of Art. II., section 14 of the Constitution, an amendment which does not increase the amount of the bonds or the tax to be levied, or otherwise materially change the original bill may be adopted by the concurrence of both houses of the General Assembly. *Glenn v. Wray,* 126 N. C., 730; *Brown v. Stewart,* 134 N. C., 357. Section II. simply authorized the Commissioners, if they should deem it wise, to purchase at the end of five years, and annually thereafter, one-fifth of the bonds. This

was in no way obligatory and we are unable to see how its omission by amendment, materially affected the original bill. If the Commissioners had seen fit to exercise their discretion the annual tax may have been increased—it certainly could not have been decreased. We said in *Brown v. Stewart, supra,* "We can see no reason why the amendment imposing no tax, creating no debt nor increasing the amount of the bonds or the rate of interest thereon could not be adopted by the Senate and incorporated into the original bill on and before its second reading." This language applies to the case before us—wherein a section having similar relation to the original bill is stricken out. We are of the opinion that His Honor's judgment is correct and must be

Affirmed.