RALEIGH SAVINGS BANK v. B. R. LACY, State Treasurer.

(Filed 8 September, 1909.)

1. Bond Issues—Suit Against the State—State Agency.

 A suit brought by a bidder on State's bonds against the State Treasurer to recover a cash deposit made with defendant Lacy as security, that the plaintiff would take and pay for a certain issue thereof in case they were adjudged to be valid by the courts, is not a suit against the State, and may be maintained against the treasurer as an agent appointed by the State to make the sale.

---

---

2. **Bond Issues—Legislative Acts—Aye and No Vote—Separate Days—Constitutional Law.**

> Bonds issued by the State in aid of its institutions are not unconstitutional because an amendment directing that some of the fund be applied to the settlement of a deficit in the account of one of the institutions has not passed its readings upon aye and no vote, upon different days, as required by the State Constitution, when otherwise the constitutional requirements have been met.

ACTION heard upon demurrer to the complaint by his Honor, *W. R. Allen, Judge,* at July Term, 1909, of the Superior Court of WAKE County.

His Honor sustained the demurrer, and from the judgment rendered plaintiffs appealed.

*Womack & Pace* for plaintiff.
*Attorney-General Bickett* for defendant.

BROWN, J.   The facts admitted by the demurrer are as follows: The General Assembly of 1909 authorized an issue of $500,000 of State bonds (chapter 510, page 872, Laws 1909) for purposes connected with the maintenance, enlargement and improvement of the State hospitals.   The bonds were bid off by plaintiff, who deposited $125,000 with the defendant Lacy as security that plaintiff would take and pay for the bonds in case they were adjudged to be valid by this Court.   Under such circumstances we do not conceive this to be in any sense a suit against the State, but a proceeding instituted solely to test the validity of the bond issue between Lacy, the agent appointed by the State to make the sale, and the purchaser.   The defect in the bonds consists in the allegation that the ayes and noes were not recorded on two readings in the House of Representatives, as required by the Constitution, Art. II, sec. 14.   The Journal of the House of Representatives shows that the bill was read on the day of introduction and referred to a committee, and that on the 25th day of February, 1909, the bill passed its second reading, the "aye and no" vote being taken and recorded in the Journal. On a subsequent date, namely, 26 February, 1909, the bill was taken up as a special order, when and where, before its third reading, the following amendment was introduced: "House Bill 1367.   Amend section 1 by adding to the end thereof the following: 'Provided, that out of the proceeds of said bonds shall be paid the sum of $20,000, deficit existing in the accounts of the State Hospital at Morganton, and also the sum of $11,000, deficit in the account of the Eastern Hospital at Goldsboro.' "   At this point the House Journal reads as follows: "The amendment of

Mr. Graham is adopted. The question recurs upon the passage of the bill, as amended, on its third reading. Passes its third reading by the following vote." The "aye and no" vote was taken and recorded in the House Journal and the bill was duly passed and sent to the Senate. That it passed the Senate in strict accord with constitutional requirements is not questioned.

We are of opinon that the bill has become a valid law of the State, and that the forms of procedure required by the Constitution have been observed.

It is true the bill was amended on the third reading in the House, but the amendment created no additional debt and placed no additional burden on the State, nor does it change the rate of interest or time of payment. It simply directed the application of a very small portion of the proceeds of the bonds to the payment of a deficit in the accounts of the Morganton Hospital. This is one of the State's institutions, for the relief of which the bond issue was authorized. We think the case is fully covered by previous rulings of this Court, in *Glenn v. Ray,* 126 N. C., 730; *Brown v. Stewart,* 134 N. C., 357; *Commissioners v. Stafford,* 138 N. C., 453.

The judgment of the Superior Court is
Affirmed.