## L. N. RUSSELL v. TOWN OF TROY.

(Filed 28 May, 1912.)

1. **Cities and Towns—Bond Issues—Legislative Amendments—Constitutional Law—Vote of the People.**

    When an act has been passed by the Legislature authorizing a graded school district to vote on the question of issuing bonds for a graded school in a certain amount, and amended at a subsequent session so as to authorize bonds to a larger amount and to run a longer time, both acts having been passed upon their several readings, with aye and no vote according to Article II, sec. 14, of the Constitution, an issue of bonds under a still later and similar act for a larger amount and upon a greater rate of taxation is invalid *in toto* when the later act is not likewise passed in accordance with the constitutional requirements. Const., Art. VII, sec. 7, does not apply to such districts.

2. **Same—Distinct Propositions—Assent of Voters.**

    Bonds issued under an act which has not been passed by the Legislature according to the Constitution, Art. II, sec. 14, amending a valid act authorizing a town to submit an issue of bonds for school purposes to its voters, which increases the amount, term, and rate of taxation of the bonds specified in the former act, are invalid even as to the amount authorized to be issued under the valid act, for that amount was only authorized at a less rate of taxation, etc., as to which the voters upon the proposition under the invalid act have not assented.

3. **Same—Repealing Acts.**

    A constitutional act of the Legislature authorizing a town to vote on "twenty-year" school bonds is repealed by a later act, though not passed in accordance with Article II, sec. 14, of the Constitution, which only authorizes the issuance of the bonds for a greater amount and rate of taxation and for a longer term.

APPEAL by plaintiffs from order of *Allen, J.,* from MONTGOMERY, rendered at chambers, 10 May, 1912.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*J. A. Spence and Jerome & Price (by brief) for plaintiffs.*
*W. A. Cochran and R. T. Poole (by brief) for defendants.*

CLARK, C. J. Chapter 441, Laws 1903, created a graded-school district including the town of Troy, and authorized a vote on the question of issuing $5,000 in bonds to establish the school and provided machinery for holding the election. Chapter 54, Private Laws 1909, amended the above act of 1903 by striking out $5,000 and inserting $15,000. Both the above acts were passed in the manner required by Constitution, Art. II, sec. 14.

Chapter 69, Private Laws 1911, sec. 1, amended the act of 1903 by "striking out the word 'twenty' and inserting in lieu thereof the word 'thirty.' " The effect of this was to repeal and strike out the authority given by the act of 1903 to issue twenty-year bonds. Section 3 of the act of 1911 further amended the act of 1903 by "striking out the word 'thirty,' in line eleven, and inserting the word 'sixty.' " The effect of this was to strike out the authority conferred by the act of 1903 to issue bonds based upon a levy of 30 cents on the $100 of property and requiring the bonds to be based upon a levy of 60 cents on the $100.

The act of 1911 further amended the act of 1903 by striking out "$5,000" and inserting "$20,000" as the amount of bonds authorized to be issued, and amended the machinery for holding the election.

After the act of 1911, and under the authority and machinery of said act, an election was held at which the school district voted to issue $20,000 of thirty-year bonds, and has contracted for the sale of $20,000 in thirty-year bonds. The said act of 1911 is invalid as an authority to issue the bonds, because it was not passed in the mode required by the Constitution, Art. II, sec. 14. The defendants contend, however, that $15,000 of the bonds are valid under the acts of 1903 and 1909. But it will be seen at once that an authority given at the ballot box to issue $20,000 in thirty-year bonds, based upon a tax rate of 60 cents per

$100, will not authorize the issuance of $15,000 in twenty-year bonds based upon a 30-cent tax rate. The people have not voted their assent to the latter proposition.

Besides, the authority to issue "twenty-year" bonds is not in existence. It was repealed by the act of 1911. The legislative act to that effect was valid, though the attempt to substitute $20,000 in thirty-year bonds was invalid for failure to comply with the Constitution.

In *Glenn v. Wray,* 126 N. C., 733, this Court held that though an act had passed in the constitutional mode under Article II, sec. 14, the three readings in both houses and with the yea and nay vote on second and third readings, in each house, duly recorded, yet if there was a material amendment upon the last reading in the second house, the act was invalid. The Court said that when such amendment is in a material matter, "it would be necessary that the amended bill should be read over again three times in each house, with yea and nay vote on the second and third readings, entered on the journals. It is the bill, in its final shape, not in another and different form, which requires these preliminaries to its validity. It would be a clear evasion of the constitutional guarantees and of the restrictions upon legislatve power, if after a bill had passed one house and two readings in the other in the required manner, it could then be amended into something else. . . . In ordinary legislation, material amendments may be made even on the last reading in the second house, and when concurred in by the other house the bill is law. In such cases the ratification is conclusive of the passage of the act. But it is otherwise as to legislation which the Legislature is restricted from passing except in a manner specifically pointed out and prescribed. In the latter case any substantial amendment requires the passage of the amended bill in the prescribed manner *de novo. Norman v. Kentucky,* 18 L. R. A., 557."

This being so, even where the amendment is made in the passage of the bill itself, and when the bill has passed three readings in each house with the aye and no vote recorded on the journals on the second and third readings in each house, for a stronger reason the bonds are invalid when the material amendment is made in a subsequent act.

The act of 1911 striking out "twenty years" was one which the Legislature in 1911 could enact without recording the ayes and noes, as was also the provision striking out $5,000 and inserting $20,000, and was valid as ordinary legislation.

There is no authority to issue $15,000 in "twenty-year bonds," both because the people have not voted for such bonds and because the provision authorizing such bonds has been stricken out by the Legislature of 1911. It is true, the school district has voted to issue $20,000 in "thirty-year bonds," but this was not authorized, because the act of 1911 was not passed in the constitutional mode. Constitution, Art. VII, sec. 7, does not apply to school districts.

The bonds are therefore invalid and the injunction should have issued as prayed for.

Reversed. ,