W. N. PRITCHARD v. COMMISSIONERS OF ORANGE COUNTY.

(Filed 25 September, 1912.)

1. Municipal Bonds—Public Roads—Necessary Expense—Constitutional Law.

A county is authorized to contract an indebtedness for the maintenance of its public roads under the provisions of Revisal, sec. 1318 (27), and such indebtedness being for a necessity, under Art. VII, sec. 7, of our Constitution, it is not required that a special act be passed authorizing it under the provisions of our Constitution. Art. II, sec. 14.

2. Same—Legislative Will.

When a county has issued bonds for the maintenance of its public roads, as authorized by Revisal, sec. 1318 (27), and our Constitution, Art. VII, sec. 7, objection to the validity of the bonds issued under a special act cannot be sustained when it appears that the special statute was complied with both as to the amount and the method, though the act was not passed in conformity with the constitutional mandate of Art. II, sec. 14.

APPEAL by defendant, from ORANGE, from judgment rendered by *Whedbee, J.,* at Durham, 26 August, 1912.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Manning & Everett for plaintiff.*
*Frank Nash for defendant.*

CLARK, C. J. This is an action, submitted without controversy, to determine the validity of the proposed issue of $250,000 bonds by the county of Orange for the public roads of said county. An election was held 19 March, 1912, in pursuance of chapter 600, Public-local Laws 1911, at which, as required by the terms of said act, a majority of the votes cast approved the issue of said bonds, though not a majority of the qualified voters.

The validity of the bonds is contested upon the ground that the bill which passed its several readings in the Senate in the manner required by Constitution, Art. II, sec. 14, was changed in substantial and material respects on the passage of the bill through the House, and that as amended by the House the bill was not reënacted in the Senate in the manner required by Constitution, Art. II, sec. 14; *Glenn v. Wray,* 126 N. C., 730; *Commissioners v. Stafford,* 138 N. C., 453; *Bank v. Lacy,* 151 N. C., 4; *Russell v. Troy,* 159 N. C., 366.

But we need not consider this ground of objection, because under the Constitution, Art. VII, sec. 7, the county is authorized to contract indebtedness without the vote of the qualified voters when it is for the necessary expenses thereof. *Vaughn v. Commissioners,* 117 N. C., 432. Revisal 1905, sec. 1318, subsec. 27, authorizes county commissioners to borrow money for necessary expenses, and in such case no vote of the people is necessary. *Board of Trustees v. Webb,* 155 N. C., 388.

The Court has repeatedly held that the public roads are a necessary expense. *Board of Trustees v. Webb, supra,* and numerous cases there cited.

It is true that "where the Legislature has interposed its will and plainly declared it; where it has by its act prescribed the limit of expenditure even for a necessary expense for the

county, the county commissioners cannot, under the decisions of this Court herein cited, set at naught the legislative will by setting up a general power of contracting debts for necessary expenses, restrained only by the constitutional limitation of taxation." *Burgin v. Smith,* 151 N. C., 568. But here the county commissioners have not attempted to exceed the limitations in the special act of the Legislature, and have consulted the popular will at the ballot box as required by said act, and its terms, approval by a "majority of the votes cast," has been complied with.

The act itself does not come under the requirements of section 14, Article II of the Constitution, and hence, even conceding that the amendments made in the House to the Senate bill were substantial and material, and though the conference report was adopted by each House without conforming to Article II, sec. 14, the act is valid as an act of ordinary legislation. If there had been no such act, the county could have contracted a debt for its necessary expenses without a vote of the people.

The proposed bond issue will therefore be a valid indebtedness of the county of Orange. *Jones v. New Bern,* 152 N. C., 64. The judgment of the court below is

Reversed.