J. D. GREGG v. BOARD OF COMMISSIONERS OF RANDOLPH COUNTY.

(Filed 28 May, 1913.)

1. Bond Issues — School Districts—Separate Readings—"Aye and No" Vote—Amendments—Constitutional Law—Excluding Districts.

An act empowering special school districts of the State to issue bonds in accordance with a certain method, passed its various readings on separate days, upon "aye" and "no" vote, following the requirements of Article II, sec. 14, except that upon its last

reading, by amendment, it was made to apply only to one district in the State: *Held*, the effect of the amendment being to exclude the other districts, and the act being regularly enacted as to the one district retained, is valid as to that district.

## 2. Bond Issues—Legislative Authority—Constitutional Law—Amendments Immaterial—Concurrence.

Where an act for the issuance of bonds has been passed in accordance with the provisions of Article II, sec. 14, of the Constitution by both branches of the Legislature, and the second branch thereof acting on the bill has passed an amendment which does not increase the amount of the bonds or tax to be levied, or otherwise materially change the bill, the amendment is valid when concurred in by both of the legislative branches, and it does not affect the constitutionality of the act.

## 3. Bond Issues—School Districts—Orders of County Commissioners —Petition—Voting Districts.

In accordance with legislative authority the commissioners of Randolph County, upon petition made for the issuance of bonds for Liberty School District, in that county (Revisal, sec. 4115), ordered the election to be held in the town of Liberty, on a certain date, appointing a registrar and poll-holders. In construing the order of the commissioners in connection with the petition, it is *Held*, that the election was ordered for the district, the polling place being within the town of Liberty; and the election is held valid on this and the further ground that it does not appear that any citizen affected by the election was deprived of his right to vote therein.

## 4. Public Officers—Presumptions—School Districts—Bond Issues— Sufficiency of Petition—Interpretation of Statutes.

There is a presumption in favor of the legality and regularity of the acts of public officers, and where an election, authorized by statute, has been ordered by the board of county commissioners for a bond issue for a special school district therein upon a petition of its citizens (Revisal, sec. 4115), and the act itself provides that "the ordering of such election by the board of county commissioners shall conclusively presume that all precedent conditions of this act have been complied with," objection cannot be sustained that the petition was insufficient, in the absence of evidence rebutting the presumption.

## 5. Bond Issues—School Districts—Injunctions—Nonuser of Power— Interpretation of Statutes.

In this cause an injunction is sought against the issuance of certain bonds for a special school district, upon the ground that the lapse of time in proceeding to issue the bonds after the election

was such as to forfeit the right. There was no provision of the act limiting the time for the issuance of the bonds, and in the absence of evidence of abuse of power, it is *Held*, there is no valid reason for the issuance of the restraining order.

APPEAL by plaintiff, from RANDOLPH, heard by *Long, J.*, at chambers, 26 April, 1913, who refused to continue a restraining order to the hearing.

This is an action brought by the plaintiff, a resident taxpayer of Liberty School District in Randolph County, to restrain the issuance and sale of the bonds of said district, the defendants having prepared said bonds for issuance and offered the same for sale. The defendants claim the right to issue said bonds under the authority of chapter 465 of the Private Acts of 1911, and an election held pursuant to said act. The court denied plaintiff's motion for an injunction, and plaintiff appealed.

The act, as introduced in the House of Representatives, applied to the whole State, and provided for holding elections in special school districts on the question of issuing bonds for school purposes, the election to be ordered by the county commissioners upon petition of one-fourth of the freeholders of the district, indorsed by the county board of education.

The act passed the House of Representatives on three several days, and on the second and third readings there was an "aye" and "no" vote, which was entered on the Journal.

In the Senate, the act passed the three readings on separate days, and on the second and third readings the "ayes" and "noes" were called and entered on the Journal. On the third reading in the Senate an amendment was adopted, limiting the operation of the act to Liberty School District in Randolph County, which amendment was concurred in by the House of Representatives, but without an "aye" and "no" vote.

At the meeting of the board of county commissioners of Randolph County, held on 7 August, 1911, the following petition was presented to the said board:

*To the Board of County Commissioners of Randolph County:*

We, the undersigned freeholders, within Liberty School District, in Randolph County, a special school district formed by

162—31

the county board of education of said county, heretofore, as prescribed by section 4115 of the Revisal, respectively petition your board to grant and provide an election to be held under and in accordance with an act of the General Assembly of North Carolina at its regular session in the year 1911, entitled "An act to authorize the issuance of bonds by Liberty School District in Randolph County," upon the question as to whether bonds shall be issued by said district for school purposes, as in said act provided, in the amount of eighty-five hundred dollars ($8,500), to bear interest at the rate of 5 per centum per annum, payable semiannually, to mature twenty years from date of same, which said bonds shall not be sold for less than par value.

And your petitioners further ask that, in case the issuance of bonds be authorized at an election held in accordance herewith and actually issued, there be levied and collected an amount of tax sufficient to pay the interest on said bonds and provide a sinking fund to pay the same at maturity.

This the 25th day of July, 1911.

Signatures:                      J. ROM SMITH (and others).

J. H. JOHNSON.

Said petition having been indorsed and approved by the board of education of Randolph County, the following order was made by the board of county commissioners, being indorsed on the petition itself, to wit:

Election granted and ordered to be held in the town of Liberty, on the 12th day of September, 1911. C. R. Curtis is hereby appointed registrar and J. C. Kirkman and R. C. Troy poll-holders.                      (Signed) H. T. CAVINESS,
                      *Chairman Board of County Commissioners.*

And the said petition and order were recorded in the minutes of the said board of commissioners.

The town of Liberty is embraced within Liberty School District, though the town and the district are not coterminous. The usual polling place for the town was and is the place where the election was held under the aforesaid order, and also at

the place where the polling or voting was done at the only election ever held in Liberty School District prior to that time, and the said election held in pursuance of said order aforesaid was in all respects conducted as an election for the said Liberty School District.

At the election held pursuant to said order of the board of county commissioners a majority of the qualified voters voted "For Bonds"; and on returns of said election being made to the said board of county commissioners, it was adjudged by said board that the election had been carried in favor of the issuance of the bonds, and it proceeded to make arrangements for the issuance thereof, and have prepared bonds in the sum of $8,500 of the said Liberty School District in Randolph County, for school purposes in said district, pursuant to the said act, petition, order, and election, and are now offering said bonds for sale.

The contentions of the plaintiff are:

1. That the act is void because not read three times in each House on separate days after the amendment was adopted in the Senate.

2. That the election is void because ordered for the town of Liberty and not for Liberty School District.

3. That the election is void because it does not appear that the petition was signed by the requisite number of freeholders.

4. That the election was held in September, 1911, and defendants have lost the right to issue bonds, if it ever existed, by nonuser.

*Hammer & Kelly for plaintiff.*
*H. M. Robbins for defendant.*

ALLEN, J., after stating the case: There is, in our opinion, no valid objection to issuing the bonds in controversy.

The act, as it passed the House, was not obligatory on any school district in the State, but simply gave the opportunity to all to hold an election as to issuing bonds, etc., and every provision now in the act was not only in it at that time, but it also applied to Liberty School District, as one of the districts

GREGG *v.* COMMISSIONERS.

of the State, and the effect of the amendment adopted in the Senate was not to include Liberty School District, but to exclude other districts.

As thus understood, the amendment falls within the principle declared in *Brown v. Stewart,* 134 N. C., 357; *Commissioners v. Stafford,* 138 N. C., 453; *Bank v. Lacy,* 151 N. C., 3.

It is equally well settled that, when the act has been passed in accordance with the provisions of Article II, sec. 14, of the Constitution, an amendment which does not increase the amount of the bonds or tax to be levied, or otherwise materially change the original bill, may be adopted by the concurrence of both houses of the General Assembly. *Commissioners v. Stafford,* 138 N. C., at p. 455.

The second objection would require serious consideration if the fact was as contended by the plaintiff; but when the petition is read with the order of the county commissioners, it is clear that the election was ordered for the district, and that it was to be held at the usual place in the district, which was in the town of Liberty, and it does not appear that any citizen affected by the election was deprived of the right to vote.

No evidence was offered in support of the allegation that the requisite number of freeholders did not sign the petition for the election, and in addition to the presumption in favor of the legality and regularity of the acts of public officers, the act provides, after the requirement as to the petition, that "The ordering of such election by the board of county commissioners shall conclusively presume that all precedent conditions and provisions of this act have been complied with."

There is nothing in the act which limits the time after the election within which the bonds may be issued, and in the absence of evidence of abuse of power, the delay is no valid reason for restraining the defendants from doing so.

It may be that the defendants have had trouble in selling the bonds, and that they have taken steps to issue them as soon as a sale could be made.

Upon a review of the whole record, we find no error.

Affirmed.