V. D. GUIRE v. THE BOARD OF COMMISSIONERS OF CALDWELL COUNTY.

(Filed 27 May, 1919.)

1. **Constitutional Law— Counties— Highways— Necessary Expenses — Taxation—Limitation—Statutes.**

    Debts contracted by the county for building and maintaining its highways are for necessary expenses, not requiring legislative sanction under Article VII, section 7, of our Constitution, when not exceeding the limitation of Article V, section 1, to pay the interest on the debt or provide a sinking fund for the payment of the principal; but where this limitation is exceeded the approval by legislative enactment is required, the statute determining the right of issuance with or without the vote of the people, a requirement that it should be so submitted being a statutory restriction, the constitutionality of the act depending upon whether the bill passed each branch of legislation on three several days, with the "aye" and "no" vote entered on the journals on the second and third readings. Const., Art. II, sec. 14.

2. **Constitutional Law — Taxation — Statutes — Amendments — Material Changes—Bonds—"Aye" and "No" Vote.**

    An amendment to an act authorizing a county to issue bonds for road construction and maintenance, which increases the rate of interest from 5 per cent, authorized by a former statute, to 6 per cent, is to effect a material change in the former law and requires, for its validity, that in its passage it should have been read on separate days, with the "aye" and "no" vote taken, entered on the journals, etc., as required by Article II, section 14, of our Constitution, this rule applying with greater force when the amendment is by separate act.

### 3. Same—Legislative Approval.

Where a valid statute authorizes a county to issue bonds for a necessary expense, with the approval of the voters, in excess of the limitation on taxation prescribed by Article V, sec. 1, of the Constitution, with further authority to again submit the question if at first defeated, bonds issued pursuant to a later amendment materially changing the statute and which has not met the constitutional requirement as to its several readings, "aye" and "no" vote, etc., Article I, section 14, are invalid for the lack of the required legislative authority, though the approval of the voters had been obtained as authorized by the former act, but for the increased interest rate.

### 4. Statutes—Counties—Bonds—"New Registration."

The provisions of a statute authorizing a county to issue bonds for highway purposes, with the approval of its voters, that "no new registration shall be required," is not a prohibition on the power of the county to order a new registration, but a statement that it shall not be necessary.

APPEAL by plaintiff from *Long, J.,* at the May Term, 1919, of CALD-WELL.

This is an action to restrain the issue of road bonds under the authority of chapter 67 of the Public-Local Laws of 1917, as amended by chapter 453 of the Public-Local Laws of the same year and by an act ratified 10 March, 1919.

The first act authorizes the issue of bonds for road purposes in Caldwell County in the sum of $250,000, bearing interest at not exceeding 5 per cent and to run not more than forty years.

It was also provided in the act that it should not be operative unless approved by the voters at an election to be held under the act, but that if it should not be approved at a first election that a second election might be held, but that no new registration should be required for such second election.

An election was held under this act on 8 May, 1917, and a majority of the votes cast was against the issue of the bond.

On 10 March, 1919, the General Assembly amended the act of 1917 by changing the rate of interest from 5 per cent to 6 per cent, and this last act was not passed as required by Art. II, sec. 14, of the Constitution.

An election was thereafter held in May, 1919, on the question of issuing bonds at a rate not exceeding 6 per cent per annum, and at said election a majority of the votes cast was in favor of the issue of the bonds. A new registration was ordered for this last election.

The plaintiff contends:

1. That the defendant has no authority to issue said bonds because the amendment of 1919 was material, and it was not passed as required by the Constitution.

2. That the defendant had no right to order a new registration for the second election and that therefore the second election was irregular and void.

His Honor held that the defendant had power and authority to issue said bonds and refused to grant the restraining order, and from the judgment entered accordingly, the plaintiff appealed.

*J. T. Pritchett attorney for plaintiff.*
*Mark Squires attorney for defendant.*

ALLEN, J. The following principles, germane to the present controversy, are established by the authorities:

1. Debts contracted for building and maintaining roads are for necessary expenses. *Hargrove v. Comrs.,* 168 N. C., 626.

2. The county may contract a valid debt for necessary expenses without a vote of the people and without legislative sanction under Art. VII, section 7, of the Constitution, but it cannot exceed the limitation on taxation prescribed in Art. V, sec. 1, to pay the interest on a debt *so contracted* or to provide a sinking fund for the payment of the principal. *Herring v. Dixon,* 122 N. C., 424.

3. The county may contract a debt and exceed the limitation on taxation for necessary expenses with the approval of the General Assembly, with or without a vote of the people, as the General Assembly may determine. *Pritchard v. Comrs.,* 160 N. C., 477.

4. When the General Assembly requires the question of incurring the debt to be submitted to a vote this amounts to a statutory restriction, and when acting under the statute, the indebtedness cannot be incurred unless approved by the votes according to the provisions of the statute. *Comrs. v. Webb,* 148 N. C., 123.

5. Acts of the General Assembly authorizing a county to contract a debt for necessary expenses and to levy taxes to pay interest thereon must be enacted in accordance with the provisions of Art. II, sec. 14, of the Constitution, requiring the bill to pass each House on three several days and the ayes and noes to be entered on the Journals on the second and third readings. *Cottrell v. Lenoir,* 173 N. C., 145.

6. If in the enactment of the statute a material amendment is adopted "the required readings and entries on the Journal shall be taken anew on the bill as amended" (*Claywell v. Comrs.,* 173 N. C., 657), and this rule applies with greater force when the amendment is by separate act.

Applying these principles to the facts the defendant is without authority to issue the bonds for roads, if the amendment of 1919 is material, as it appears from the record that the act of 1917 provides for an election before issuing bonds, and that the act shall not be

operative if a majority of the votes cast at the election shall be against road improvements, which was the result of the first election, and the amendatory act of 1919, under which the second election was held, was not passed as required by Art. II, sec. 14, of the Constitution, and the materiality of the amendment cannot be questioned when it is kept in mind that it increases by 1 per cent the interest on a bond issue of $250,000, running for forty years, thereby increasing the interest and taxes each year $2,500, or for the forty years $100,000.

The cases dealing with the materiality of amendments, discussed in connection with the constitutional requirement, are *Glenn v. Wray,* 126 N. C., 730; *Brown v. Stewart,* 134 N. C., 357; *Comrs. v. Stafford,* 138 N. C., 453; *Bank v. Lacey,* 151 N. C., 4; *Russell v. Troy,* 159 N. C., 366; *Gregg v. Comrs.,* 162 N. C., 484; *Brown v. Comrs.,* 173 N. C., 599; *Claywell v. Comrs.,* 173 N. C., 659; *Wagstaff v. Commission,* 174 N. C., 380, in several of which, following *Brown v. Stewart,* the rule is stated negatively as follows: "We can see no reason why the amendment, imposing no tax, creating no debt nor increasing the amount of the bonds or the rate of the interest thereon, could not be adopted by the Senate and incorporated into the original bill on and before its second reading."

The case of *Pritchard v. Comrs.,* 159 N. C., 636, on which the defendant relies, was correctly decided, and when considered in connection with the record and the opinion in the same case, 160 N. C., 476, is in perfect harmony with the other authorities.

In that case the commissioners proposed to issue bonds for roads, as stated in their order "under authority contained in sec. 6 of ch. 600, Public-Local Laws 1911, *as well as under authority from the Constitution and laws of North Carolina,"* and it was held when the appeal was first considered that the commissioners could issue the bonds, which would be valid obligations, under authority of the Constitution, Art. VII, sec. 7, and at the second hearing that they could not exceed the constitutional limit on taxation for the payment of interest, etc., except with the approval of the General Assembly.

The objection of the plaintiff to the regularity of the election, because a new registration was ordered, is without merit. The provision in the statute "but no new registration shall be required" is not a prohibition on the power to order a new registration but a statement that it shall not be necessary.

On the facts admitted we cannot sustain the issue of bonds.

Reversed.