TOWNSHIP ROAD COMMISSION OF No. 10 TOWNSHIP v. THE BOARD OF COMMISSIONERS OF EDGECOMBE COUNTY.

(Filed 17 September, 1919.)

1. **Constitutional Law—Taxation—Municipalities—Statutes.**

   The provisions of Art. VII of our State Constitution, secs. 3, 4, 5, 6, relating to municipal taxation, are subject to those of section 14 thereof, to the effect that the Legislature shall have power by statute to modify, change or abrogate any or all provisions of the sections enumerated.

2. **Taxation—Statutes—Bonds—Municipalities.**

   Under the provisions of ch. 122, Public Laws of 1913, townships may establish and maintain a township road system under its separate governance, but the method is restricted to an issuance of bonds for road purposes upon the approval of its voters, and to taxation limited to the payment of the interest on the bonds, without provision for the working or maintenance of the roads directly by current taxation.

3. **Statutes—Amendments—Interpretation.**

   Chapter 297, Public Laws 1917, amending ch. 122, Public Laws 1913, should be construed together to ascertain their true intent and meaning:

and *semble*, no authority is given a township to work its roads by current taxation.

**4. Townships—Powers—Statutes.**

Townships have no corporate powers, municipal or otherwise, except those expressly conferred by legislative enactment, and only to the extent thereby conferred. Rev., sec. 1318, subsec. 3.

**5. Constitutional Law—Taxation—Townships—Counties.**

Article II, sec. 14, of our Constitution, requiring that statutes for creating or imposing taxes shall be passed by readings on separate days, with "aye" and "no" vote, etc., refers in express terms to State, counties, cities and towns, and applies to townships also as constituent parts of counties.

**6. Same—Amendments—Bonds—Material Changes.**

Chapter 279, Public Laws 1917, purports to amend ch. 122, Public Laws 1917, and the former act was not passed in accordance with the formalities as to its separate readings with the "aye" and "no" vote taken as required by Art. II, sec. 14, of our State Constitution: *Held*, the amendment purported to change the method of maintaining a separate township road system from a bond issue restricted in amount to current taxation from year to year, etc., and made a material change in the valid act it proposed to amend, and is unconstitutional, and the commissioners are without authority to levy the tax specified in the later act.

CONTROVERSY to determine the question whether defendants can be compelled to lay special township tax for road purposes, heard on case agreed before *Bond, J.,* at June Term, 1919, of EDGECOMBE.

The pertinent facts appearing in the case agreed are as follows:

1. That the township road commission of No. 10 Township is a corporate body, duly created and existing under and by virtue of the Public Laws of the State of North Carolina. That the board of commissioners of Edgecombe County exercises control of the affairs of the county under and by virtue of the laws of North Carolina.

2. That on 17 April, 1919, under the provisions of ch. 122, Public Laws 1913, and the amendment thereto by ch. 279, Public Laws 1917, W. L. Dunn and 107 other qualified voters of No. 10 Township duly petitioned the board of commissioners of Edgecombe County, said 108 being more than one-fourth of the qualified voters of said township, to call an election to determine the will of the voters of said township, as to whether or not to establish a township road district, to create and appoint a township road commission, and to levy a special road tax of 40 cents on the $100 value of property and a poll tax of $1.20.

3. That at the election duly ordered and held in said No. 10 Township on 21 May, 1919, the vote was 131 to 30 in favor of establishing said township road district, creating and appointing said township road commission, and levying said special road tax, said 131 being more than a majority of the qualified voters of said No. 10 Township.

4. That on 2 June, 1919, at the regular meeting of the said board of commissioners of Edgecombe County, the result of said election was duly certified to the said board. That the said board of commissioners duly created the said township road district of No. 10 Township, and duly appointed W. L. Dunn, W. B. Walston, and A. J. Walston as the township road commission of No. 10 Township, but refused to levy the said special road tax voted for in said election.

5. That the said ch. 122, Public Laws 1913, was duly and constitutionally enacted, and that the amendment thereto, as set out in chapter 279, Public Laws 1917, was duly certified by the presiding officers of both houses of the General Assembly and duly enrolled, but that said amendment was not read and passed on three different days and the yeas and nays on the second and third readings entered on the journal. That the said ch. 122, Public Laws 1913, and the amendment thereto by ch. 279, Public Laws 1917, and the entire public law as amended is hereby made a part of this record.

6. That to enable the plaintiff to obtain the necessary means to develop and maintain the public roads in No. 10 Township they applied to the defendants, according to the result of said election, to levy the said property tax of 40 cents on the $100 value of property and a poll tax of $1.20 upon the property and polls of said township. That the assessed value of all taxable property situated in said township for the past ten years is of the average value of $400,000.

7. That the said defendant refused to levy the said special road tax as voted for in said election and demanded by the said plaintiff, pursuant to the vote of the people in said election, among other reasons, on the ground that the amendment as set out in ch. 279, Public Laws 1917, was not passed by the General Assembly as required by the Constitution of North Carolina, Art. II, sec. 14.

Wherefore it is agreed that if the court be of the opinion with the plaintiff the court will order the necessary writ to issue compelling the defendant to levy the said special tax, but if the court be of opinion with the defendant, the necessary order will issue dismissing the action.

There was judgment for defendant, and plaintiff excepted and appealed.

*John L. Bridgers and Henry C. Bourne for plaintiff.*
*Allsbrook & Phillips for defendants.*

HOKE, J. We concur in the ruling of his Honor that, on the facts appearing in the case agreed, the application of the plaintiff has been properly denied.

Whatever may have been the power of township boards in matters of municipal taxation existent under Art. VII of the Constitution, more especially in sections 3, 4, 5 and 6, they are subject to the provisions of section 14 of the same article to the effect that the "Legislature shall have full power by statute to modify, change or abrogate any and all provisions of the article" except sections 7, 9 and 13, these last having no bearing on the questions presented in the controversy.

Acting under the powers conferred by this section, the General Assembly, in Rev., ch. 23, sec. 1318, subsec. 3, have provided, among other things, "That no township shall have or exercise any corporate powers whatsoever unless authorized by an act of the General Assembly, to be exercised under the supervision of the board of commissioners."

By the express provisions of this statute, therefore, township boards have no corporate powers, municipal or otherwise, except those expressly conferred by legislative enactment and to the extent that the statute provides. This being the general law presently appertaining to the subject, a perusal of ch. 122, Public Laws 1913, on which plaintiff must rely in support of the relief sought by him, will disclose that it purports to provide a scheme by which townships may establish a township road system and maintain same under its separate governance and the method of raising funds for the purpose is to be by a bond issue, restricted in amount and on approval of the voters of the township. The vote is to be "For or against bonds"; the taxation authorized is to pay the interest on said bonds, and it is nowhere provided or contemplated by the act that the roads designated therein are to be worked or maintained by current taxation directly applicable to the purpose. It is contended for the appellants that while ch. 122, Laws 1913, does not authorize current taxation directly for road purposes, this power is conferred by ch. 279, Public Laws of 1917, in force at the time of the petition and election had in this instance and in which the power of direct taxation is claimed to be fully authorized. This statute is, in terms, an amendment to that of 1913 and, construing the two together, the proper method of arriving at their true intent and meaning, *Keith v. Lockhart,* 171 N. C., 451, there would seem to be no sufficient authority given to work the roads by current taxation, but if the power, as expressed, be conceded, it would not avail the plaintiffs, for the last act was not passed in accord with Art. II, sec. 14, of the Constitution, and is therefore inoperative so far as conferring the power of taxation is concerned. Although the section of the Constitution just referred to—requiring that statutes for creating debts or imposing taxes shall be enacted with certain specified formalities—refers in express terms to the State, counties, cities and towns, it has been directly held that the same applies also to townships as constituent parts of counties and will render ineffective any legisla-

tion of that character which fails to comply with its requirements. *Wittkowsky v. Comrs.,* 150 N. C., 90. True we have held in *Wagstaff v. Comrs.,* 177 N. C., 354; *Gregg v. Comrs.,* 162 N. C., 479; *Glenn v. Wray,* 126 N. C., 730, and other cases where the question was directly considered, that when a principal statute had been enacted in accord with the constitutional provision referred to, an amendment "which does not increase the amount of the debt or the taxes to be levied or otherwise materially change the original bill will be upheld and constitute a portion of the law without the observance of the stated formalities," but we are of opinion that an amendment of the kind presented here, which purports to change the method of maintaining a separate township road system from a bond issue restricted in amount to current taxation from year to year, indefinite as to time, might, in its practical application, work such a change in the burdens imposed that it could, in no sense, be regarded as immaterial within the meaning of the principle and must be set aside because it was not passed with the formalities required by the organic law. *Bennet v. Comrs.,* 173 N. C., 625.

In accord with these views, we must hold that the commissioners are without valid statutory authority to levy this tax and that plaintiff's application for *mandamus,* compelling its levy, has been properly denied.

Affirmed.