## T. C. WAGSTAFF v. CENTRAL HIGHWAY COMMISSION.

(Filed 24 October, 1917.)

1. **Constitutional Law—Amendments.**

Whether an amendment to an act authorizing the issuance of bonds, etc., by a county for road purposes is material and required to be passed in accordance with Art. II, sec. 14, as to the separate readings on different days, upon "aye" and "no" vote, is a question of law for the court, under the facts, and not controlled by an agreement between the parties.

2. **Same—Roads and Highways—Immaterial Amendments.**

An act passed systematizing the road law of a county, allowing it to issue bonds therefor, and restricting it as to a township that had already issued bonds for the purpose under a former special act by providing that if these bonds cannot be taken care of out of the present issue, the amount of the issue should be reduced in a certain sum, is not rendered invalid (Constitution, Art. II, sec. 14) by an amendment not passed in accordance with the constitutional provision, when it does not affect the taxing or other financial features of the act, or increase either the taxes or impose any additional burden on the taxpayer.

3. **Same—Townships—Equality of Taxation.**

An act systematizing the road law of a county, providing for bonds in a certain amount, and that the bonds of a certain township duly authorized

and outstanding should be taken up or exchanged by the county bond issue, or the amount of the township bonds should be deducted from the authorized amount of the county issuance, does not by this provision render the act invalid, when the effect is not to require the township having issued the bonds to pay for the improvements in other townships, or other townships to be taxed without benefit.

### 4. Constitutional Law—Bonds.—Statute.

A statute authorizing the issuance by a county of road bonds falling due in installments of ten years, in the discretion of the county highway commission, is constitutional, but the county is without power, unless so authorized by statute, to issue bonds falling due in intervals of five years.

APPEAL by plaintiff from *Connor, J.,* at chambers, 22 September, 1917, from PERSON.

This is a controversy without action, submitted under Revisal, 803, to determine the validity of chapter ......, Public-Local Laws 1917, authorizing the Central Highway Commission of Person County to issue and sell bonds of said county to procure money to build and improve and maintain the public roads of said county, and to issue said bonds maturing serially at intervals of five years. Said act was duly submitted to·the voters of the county, under the provisions of the act, and was declared adopted on a canvass of the returns.

Roxboro Township, in Person County, under authority of chapter 449, Public-Local Laws 1915, issued and sold road bonds to the amount of $75,000 for the benefit of the roads in said township, and most of the money has been so expended, and contracts have been made that will consume the balance, said bonds running for a period of forty years from date of issue, and bearing interest at the rate of 5 per cent, interest payable semiannually.

For the purpose of paying interest and creating a sinking fund (which must be at least 1 per cent annually of the entire issue), and to maintain the roads of Roxboro Township, the County Commissioners of Person, under the authority of said act, levied for the year 1916 40 cents on each $100 of property and $1.20 on each poll in Roxboro Township. No levy has been made under the provisions of said act for 1917.

The General Assembly of.1917, for the purpose of creating a uniform road system for Person County, enacted chapter ......, Public-Local Laws 1917, being House bill No. 14 and Senate bill No. 223. Section 1 of said act provides for submitting to the voters of Person the question of issuing bonds to an amount not exceeding $300,000. Section 6 of said act provides that the money. received from the sale of said bonds shall be apportioned among the nine townships in said county, and that not less than $25,000 shall be expended in road work in each township. It further provides that the highway commission, before these bonds are

issued, shall, if possible, provide for retiring the $75,000 Roxboro Township road bonds authorized by chapter 449, Public-Local Laws 1915, and if said bonds cannot be retired, then $75,000 of the issue provided for by the act in question shall not be issued, and said amount shall be withdrawn from the portion of said bond issue which would otherwise be apportioned to Roxboro Township.

It is agreed that the highway commission has not succeeded in retiring the aforesaid $75,000 Roxboro Township road bonds, but they are outstanding and unpaid. Section 10 of the act provides that the Commissioners of Person shall annually levy not more than 50 cents on each $100 worth of property and not more than $1.50 on each poll to pay the interest on the bonds authorized by this act of 1917, and to maintain the roads in good order, and in accordance with said authority the commissioners, at the instance of the highway commission, have levied at that rate for said purpose for the year 1917.

It is agreed that a number of amendments were made on third reading in the Senate to House bill No. 14, Senate bill No. 223, and said amendments were acceded to in the House, but without said acquiescence being made in the mode required by section 14, Article II.

The court held that none of the amendments are material; that the statute is valid and authorizes the defendant to issue and sell bonds as therein provided, and that it may issue said bonds maturing serially at intervals of five years. From such judgment the plaintiff appealed.

*William D. Merritt* for plaintiff.
*C. A. Hall and F. O. Carver* for defendant.
*Manning & Kitchin and Douglass & Douglass* amici curiæ.

CLARK, C. J. House bill No. 14 was introduced in the House of Representatives of 1917 and passed its three several readings on three different days, the second and third readings having been by roll-call, with yeas and nays duly entered on the Journal, as required by section 14, Article II of the Constitution. In the Senate it was bill No. 223 and passed that body in the same manner, except that upon its third reading in the Senate certain amendments were adopted and the bill passed its third reading as amended. The bill as amended was duly concurred in by the House of Representatives, but not in the manner required by section 14, Article II of the Constitution.

It is admitted by plaintiff that the amendments to sections 2, 5, 8, and the new section, 12-B, are not material. While such admission would not be binding on the courts, we concur that they are not material and do not invalidate the act in purview of the decision in *Glenn v. Wray,* 126 N. C., 730.

The plaintiff contends that the following amendments were material and rendered the bill invalid by reason of their not having passed the House in the manner required by the aforesaid provision of the Constitution, to-wit:

Section 7 was amended by inserting, *"Provided,* all roads shall be laid out and constructed under the supervision of a competent and expert engineer acceptable to the central highway commission." Section 11 was amended' so as to require that the sinking fund should amount to at least 1 per cent of the entire issue annually, the words *"annually"* and *"at least 1 per cent of the entire issue"* having been inserted. A new section was inserted, as follows: "Sec. 12a. In the event that the $75,000 of road bonds mentioned in section 6 hereof cannot be retired or exchanged, then it shall be the duty of the central highway commission created herein to assume the payment of the interest on said bonds and provide a sinking fund for the payment of the same, as is set out in chapter 449, Public-Local Laws of 1915, out of the funds received from the annual levy of taxes on the taxable property and polls in Roxboro Township under this act: *Provided,* that in no event shall the annual levy on the taxable property and the poll tax in Roxboro Township exceed 50 cents on each $100 worth of taxable property and $1.50 on the poll when combined, under this act and chapter 449, Public-Local Laws 1915."

Subsequently, the General Assembly amended chapter ...., Public-Local Laws 1917, by adding to the act before us the following as "Section 14. In the event the provisions of this act are adopted by the voters of Person County in the manner provided by said act, then all laws and clauses of laws enacted prior to this session of the General Assembly providing for the levying of any taxes for the building or maintenance of public roads in the county of Person, or in any of the townships thereof, are hereby repealed, it being the purpose of this act to make uniform taxation for public roads in all the townships of said county of Person, and to limit such taxation to the rates and amounts herein provided for, in case the provisions of this act are adopted in the manner provided for in said act."

We do not think that the amendments to section 7, and section 11, in any wise affect the validity of the statute. They do not affect the taxing or other financial features of the act, and do not increase either the taxes or the obligation authorized, or impose any additional burden on the taxpayers, and therefore it was not required that the act as thus amended should again pass three several readings on three different days in the House and Senate, with the yeas and nays recorded on the second and third readings in each house.

Section 12 does nothing more than to direct more clearly the manner in which certain acts authorized by the original bill should be performed. Section 14 is subject to the provisions of section 6.

The intent of the Legislature was to establish a uniform system of road construction for the county of Person, which was to include Roxboro Township, and to provide for the taking over of the roads already built or being built by Roxboro Township, making them a part of the county system; also, to pay the debt ($75,000) issued by Roxboro Township for road purposes, under chapter 449, Public-Local Laws 1915, either by buying them or exchanging county bonds for them, using Roxboro Township's share of the proceeds of the county bonds for that purpose, or if that should be impracticable, then payment of said bonds should be assumed by the county. The object was to prevent Roxboro Township from being taxed to pay the county bonds, and also to pay her own bonds, and therefore the statute (section 6) provides that if the Roxboro Township bonds "cannot be retired or exchanged, then in that event $75,000 of the issue herein provided for shall not be issued, and this amount shall be withdrawn from the portion of said bond issue which would otherwise be apportioned to Roxboro Township." That is by authority of the act there are outstanding $75,000 bonds issued under the act of 1915 by Roxboro Township, and $225,000 shall be issued by the county, Roxboro Township being credited on its proportionate part of principal and interest of $300,000, with the payment of principal and interest on the $75,000 bonds already issued by it for the construction and maintenance of the roads in that township.

There is no inhibition in the Constitution upon the authority of the Legislature to authorize (section 2) the issuance of bonds falling due in installments of ten years, in the discretion of the central highway commission, at intervals. It is a matter that rests within the province of the Legislature. Such provision does not, however, authorize the issuance of bonds falling due at intervals of five years.

We think that all the power and authority to borrow money, pledge the faith of the county, and to levy taxes which are conferred by chapter ......, Public-Local Laws 1917, are to be found in the original bill, and that such power was in no wise increased or affected by the amendments, and hence that such amendments are not material and did not require that the bill as amended should be read again three times in each house, with the yeas and nays recorded on the second and third readings in each house.

There is nothing in this case that raises the question of the validity of the poll tax authorized by the acts. It does not appear that, added to the poll tax already existing, the amount of the poll tax would exceed the constitutional limitation of $2; but if it did, speaking for myself only,

the Constitution would simply restrict and forbid any addition by the act to the poll tax which would make the total poll tax exceed $2. It is true that the Constitution also provides that the poll tax can be applied only to education and the support of the poor; but again speaking only for myself, this does not forbid the levying of the poll tax under this statute provided, or until, the aggregate amount shall attain the limitation of $2; but the poll tax, whenever levied, cannot be applied to any other purpose than that specified in the Constitution. Neither of these matters would in any wise affect the validity of the bonds, as the purchaser thereof would take with notice that the poll tax cannot exceed $2 and cannot be applied to any other purposes than education and the support of the poor. These questions, as already stated, are not presented by any exception in this record.

With the modification that the act confers discretion to issue bonds falling due at intervals of ten years, but not at intervals of five years, the judgment is

Affirmed.