Pearson, J.
 

 In 1S1G, the Legislature established a County by the name of “Folk" In pursuance thereof justices of the peace were appointed, Courts organized, and a sheriff and other County officers elected, who entered upon the discharge of the duties of their respective officers. In 184S the act of 1846 was repealed, and the question is presented, has the legislature a right, under the Constitution, to repeal an act, by which a County is established ?
 

 From the formation of our State government, the Gen- < ral Assembly has, from time to time, changed the limits of Counties, and has, over and over again, made two Counties out of one, so that, in many instances, even the name of the old County has been lost; and it would seem to an .unsophisticated mind, that, where there is the power to make two out of one, there must be the corresponding power to make one out of two. In other words, as the legislature has, undoubtedly, the power to divide Counties, where they are too large, that there is the same power to unite them, when they are too small: The power in both cases being derived from the fact, that by the Constitution “all legislative power is vested in the General Assembly,” which necessarily embraces the right tp divide the State into Counties of convenient size, lor the
 
 *561
 
 good government of the whole. Political and other collateral considerations are apt to connect themselves ■with the subject of corporations, and thereby give to it more importance than it deserves as a
 
 dry question of law;
 
 and the unusual amount of labor and learning, bestowed on it, has tended to mystify rather than elucidate the subject. Divested of this mystery, and measured in its naked proportions, a corporation is an artificial body, possessing such powers, and having such capacities, as may be given to it by its maker. The purpose in making all corporations, is the accomplishment of some
 
 public good.
 
 Hence, the division into public and private has a tendency to confuse and lead to error in the investigation ; for, unless the public are to be. benefitted, it is no more lawful to confer “exclusive rights and privileges” upon aa artifical body, than upon a private citizen.
 

 The substantial distinction is th¡3 : some corporations are created by the
 
 mere will
 
 of the legislature, there being
 
 no other party interested or concerned.
 
 To this body' a portion of the power of the legislature is delegated tobe exercised for the public good, and subject at all times to be modified, changed, or annulled.
 

 Other corporations are the result of contract. The legislature is not the only party interested ; for, although it has a public purpose to be accomplished, it chooses to do it by the instrumentality of a
 
 second party.
 
 These two parties make a
 
 contract.
 
 The legislature, for and in consideration of certain labor and outlay of money, confers upon the party of the second part the privilege of being a corporation, with certain powers and capacities. The expectation of benefit to the public is the moving consideration on one side : that of expected remuneration for the outlay is the consideration oh the other.
 
 It is a contract ;
 
 and, therefore,cannot be modified, changed, or annulled without the consent of both parties/
 

 
 *562
 
 So, corporations are either such as are independent of all contract, or such as are the fruit and direct result of a contract.
 

 The division of the State into Counties is an instance of the former. There is no contract — no
 
 second 'party,
 
 but the sovereign, for the better government and management of the whole, chooses to make the division in the same way, that a farmer divides his plantation offinto fields and makes cross fences,' where he chooses. The sovereign has the same right to change the limits of Counties, and to make them smaller or larger by putting two into one, or one into two. as the farmer has to change his fields; because it is an affair of his own, and there is no
 
 second
 
 partj', having a direct interest.
 

 A rail road is an instance of the latter — certain individuals propose to advance capital, and make a road by which it is supposed, the public are to be benefitted, in consideration that the legislature will incorporate them into a company with certain privileges. The bargain is struck : neither party has a right to modify, change, annul, or
 
 repeal
 
 the charter without the consent of the other; and, (still to borrow an illustration from the farmer.) he has in this case
 
 leased
 
 out his fields at a
 
 certain rent,
 
 and has no right to make one larger and another smaller, vdthout the consent of his tenant.
 

 Roads furnish another familiar illustration. The County Court has a public road laid out, and an
 
 overseer
 
 and hands appointed. It may be altered or discontinued by the County authorities, and the overseer and hands have no direct interest or right to be heard in the matter, except as other citizens. But, if the legislature, instead of acting by its agent, the County authorities, choose to make a contract with certain individuals, that,, if they will raise funds and make a road, they shall be incorporated with the right to exact tells, &c¿, then the read cha-
 
 *563
 
 not be altered or discontinued without the consent of the corporation.
 

 When a County is established, it is done at the mere will of the legislature, because, in its opinion, the public good will be thereby promoted. There is no
 
 second pa^ty directly
 
 interested or concerned. There is no contract, for no consideration moves from any one, and without a consideration, there cannot be
 
 k
 
 contract. The discharge of certain duties by the persons, who are appointed justices of the peace, or sheriff, clerk, or constable, can, in no sense cf the word, be looked upon as a consideration for establishing the County. In legal parlance, the “consideration is past” — the thing is done, before theirappointment. Some act for the honor of the station; others for the fees and perquisites of office, but their so doing did not form a consideration for the erection of the County, and is a mere incident to their relation as citizens of the County.
 

 It was ingeniously'argued, that, upon the erection of a County, certain rights attach by force of the Constitution, as the right to have at least one member in the House of Commons ; and as these rights are conferred by the Constitution, it is insisted, that, having attached, it is not in the power of the Legislature to take them away.
 

 The argument is based upon a fallacy. It is true, the Constitution invests every County with certain rights, as incident to its existence as a County. But, by no sound reasoning, can the incident be made to over-ride the principal ; and the Constitution, by conferring these incidental rights, cannot be by any fair inference, made to interfere with the control of the Legislature on the,subject of Counties, as instruments for the good government and management of the whole.State.
 

 The Constitution pre ordains these rights, but they are put expressly as incidents to the existence of Counties ; and although they may very properly enter into the ques
 
 *564
 
 tion of expediency, they have no legislative bearing upon the power to create and abolish Counties, as may to the wisdom of the Legislature seem fit. Such statutes are not the result of contracts. There is no seeond party, who pays a consideration, which is the essence of every contract.
 
 Terrett
 
 v.
 
 Taylor,
 
 9 Cranch 43.
 
 Dartmouth College
 
 v.
 
 Woodward,
 
 4 Wheaton 663.
 
 Phillips
 
 v.
 
 Bury 2
 
 T. R. 346.
 

 Per Curiam. Judgment affirmed.