COMMISSIONERS OF DARE COUNTY v. COMMISSIONERS OF CURRITUCK COUNTY.

## Counties—Legislative Power.

1. The Legislature has power to create new counties, out of territory theretofore embraced in existing counties, and it can provide that the inhabitants of such territory shall still be taxed to pay a proportionate part of the debts of the county from which it has been severed, or it may exonerate them from such debts.

2. In the creation of new counties, the tax-payers thereof are exonerated from any tax to pay any portion of the debt of the county from which they have been taken, unless the act creating the new county shall provide differently.

3. Counties are created for the purposes of the State government at large, and not entirely for the convenience of the people who inhabit them.

4. Counties are the creatures of the Legislature, and it has power to abolish them or to alter and control their corporate powers in any manner.

5. The people inhabiting a county have no right to its property, as corporators, but it belongs to the county as an organization.

6. Where the act creating a new county provided that such new county should pay its *pro rata* of the debt of the county to which its territory formerly belonged, but the act contained no provision giving it any interest in the property of the

old county ; *It was held,* that the new county could not recover its *pro rata* of the proceeds of the sale of certain stock owned by the old county, although the debt of the old county was in fact to pay for this stock.

(*Mills* v. *Williams,* 11 Ired., 558; *Watson* v. *Com'rs,* 82 N. C., 17; *White* v. *Com'rs,* 90 N. C., 437; *McCormack* v. *Com'rs,* Ibid., 441; *Currituck County* v. *Dare County,* 79 N. C., 565, cited and approved).

CIVIL ACTION, heard on demurrer, by *Shipp, Judge,* at September Term, 1886, of CURRITUCK Superior Court.

It appears from the complaint, that the county of Currituck was authorized by statute to subscribe, and did subscribe, for shares of the capital stock of the Albemarle and Chesapeake Canal Company, of the nominal value of $44,000.00, and issued its bonds, thus creating a debt for that sum, to pay for its stock; that some time afterwards, in the year 1870, the county of Dare was created by statute, and part of it was taken from the county of Currituck, but the people of the part thus taken were not released from paying their proportionate part of the debt of Currituck county, contracted in aid of public improvements; that the part of the debt to be paid by the people of the county of Dare, thus taken from the county of Currituck, has been ascertained, and it amounts to $15\frac{11}{20}$ *per centum* of the entire debt, and the latter county has obtained judgment for the same, and has sold and assigned this judgment to its creditors in payment of their debts; that this judgment has not yet been paid; that afterwards the county of Currituck sold its stock in the Canal company named, for the price of $5,000.00, and received the money. It is alleged that the county of Dare is entitled to $15\frac{11}{20}$ *per centum* of the sum of money thus realized; that it has made demand upon the defendant for the same, and payment has been refused. Judgment is demanded for $777.50, with interest from the first day of January, 1880, and for costs. The defendant demurs to the complaint, upon the ground that it does not set forth facts sufficient to constitute a cause of action, in that it fails to allege that the act creating the county of Dare, gave or assigned to said county, any portion of the property or assets of the county of Currituck.

The Court sustained the demurrer, and gave judgment for the defendant. The plaintiff excepted and appealed to this Court.

*Mr. E. F. Aydlett,* for the plaintiff.
*Mr. W. J. Griffin,* for the defendant.

MERRIMON, J. (after stating the facts). It cannot be questioned seriously, that the Legislature has power to create new counties, composed of territory and the people inhabiting it, taken from one or more existing counties, and to change the boundaries of counties. It likewise has power, in the formation of new counties, to require that the people who live in the portion of territory so taken from a county, shall continue to pay their proportionate part of the county debt of the county from which they shall be so separated, existing at the time of the separation; and it may likewise relieve them from such debt. Indeed, they would be relieved if there were no provision to the contrary. It may also provide that the new county shall have such parts of the property of the county or counties from which its territory is taken, as it shall deem wise and expedient, or it may entirely omit to allow it any part thereof. The power thus possessed by the Legislature is a necessary one. It is legislative in its nature, in the absence of any constitutional provision to the contrary, and the exercise of it gives character to counties when established. These are not created for the particular, special, or exclusive benefit of the people having property in them. They are of, and constitute parts of the State government. They are created for political and civil purposes of the State, and may be created without special regard to the will, wish, or convenience of the people who inhabit them. They are instrumentalities of the State government, and subject to its legislative control; they possess such corporate powers and delegated authority as the Legislature may deem fit to confer upon them, and such power and authority must be exercised in the way, and only for the purpose prescribed by legislative enact-

ment; and moreover, they are always subject to legislative con-
trol, and their powers may be abolished, enlarged, abridged, or
modified.    The property of a county of whatsoever nature, is
required for its purposes as a county, that is, for the purposes of
government in the particular locality or territory embraced by
it, and in aid, and as part of the State government and subject
to the legislative control.    The people inhabiting it have no
right to, or personal interest in its property, as corporators,
that they can use and control for their private benefit or advan-
tage, independent of legislative authority ; nor have a portion of
the people, residing in a particular part of its territory, separa-
ted from it and made part of a new county, a right to or inter-
est in its property, as a body of people.    Its property does not
belong to the people, as such, individually or collectively ; it
belongs to the county as an organization—an instrumentality of
government, possessed of prescribed corporate powers, and sub-
ject to the legislative control.    The State, in the exercise of its
function, through the county, acquired the property by means of
its revenues, taken from the people by taxation and otherwise,
and the exercise of other lawful powers of government, and
thus the property is of, and belongs to the government.    The
people have only an interest in it, as citizens of the State.    Hence,
the Legislature may make such disposition of it, under the con-
stitution, for the purposes of government, as it may deem just
and expedient.    Of course, we mean that this, like all other
legislative powers, is always subject to such limitations as may
be imposed by the constitution.    Nor do we mean to say that
the Legislature can in any way interfere with the vested rights
of individuals.    The constitution is paramount, and all author-
ity must have its sanction.    *Mills* v. *Williams*, 11 Ired., 558 ;
*Watson* v. *Com'rs*, 82 N. C., 17 ; *White* v. *Com'rs*, 90 N. C., 437 ;
*McCormack* v. *Com'rs*, Id., 441 ; *Com'rs of Currituck Co.* v.
*Com'rs of Dare Co.*, 79 N. C., 565 ; *Laramie Co.* v. *Albany Co.*,
92 U. S., 307 ; *Mount Pleasant* v. *Beckwith*, 100 U. S., 514.

The Legislature could, therefore, by enactment, detach a part of the county of Currituck, and attach it to, and make it part of, the county of Dare, as it did by statute (Acts 1869–70, ch. 36). By section four of this statute, it is, among other things, provided, that the part thus detached, and the people inhabiting the same, shall " not be released from their proportions of the outstanding county debt, contracted for public improvements (of Currituck county), before the passage of this Act, to be determined by the Commissioners of Currituck and Dare counties." This provision has been upheld by this Court as valid; *Currituck County* v. *Dare County, supra.* But there is no provision in that, or any statute amendatory of it, that in terms, or by the remotest implication, grants to the people so detached, or to the county of Dare for them, or on their or any account, any part of the property of Currituck county, and particularly any part of the stock of that county in the Albemarle and Chesapeake Canal Company mentioned, or the proceeds of the sale thereof. The plaintiffs have no right whatever to the money sued for and demanded by this action, and the Court properly sustained the demurrer. The judgment must be affirmed.

No error.                                       Affirmed.