1. That the General Assembly of North Carolina enacted chapter 591 Laws 1911, which act, as well as that which it purports to amend, to wit, chapter 8, Laws 1855, are hereby referred to and made a part of these facts agreed.
2. That the territory purporting to be added to the county (516) of Harnett by said act is approximately 12 miles in length and 4 miles in width at its widest point, embracing about 6 square miles of territory, containing about $280,000 taxable property and 103 taxable polls and 120 voters.
3. That said act of 1911 was not read on three separate days in either branch of the General Assembly, nor was there any roll call upon the passage of the same at any reading, nor were the ayes and noes recorded on the journals of either the House or the Senate; that the bill was originally introduced in the Senate, said bill being identical with said act, except that it did not contain the latter part of section 6 of said act, beginning with the word "provided" and including the remainder of said section. This proviso in said section was incorporated as a House amendment on its third reading in the House, and the bill was sent back to the Senate, and this amendment was concurred in by the Senate on 4 March and was ratified on 6 March, neither the bill nor the amendment being passed as a roll-call bill.
4. That in the passage of the bill which forms the act establishing the county of Harnett, viz., chapter 8 of the Public Laws of 1855, said *Page 406 
bill was not read on three separate days in either branch of the General Assembly, nor were the ayes and noes called or recorded in the journals.
That the commissioners of Cumberland had levied taxes on the detached portion of territory for general and specific purposes for the year 1911 and had placed the tax lists in the hands of the sheriff of Cumberland, who was proceeding to collect same or threatening to do so, and the Commissioners of Harnett County had done the like. "That there had been no agreement between the boards of commissioners of the respective counties, either made or attempted, looking to the assumption on the part of Harnett County, or said disputed territory, of its proportional part of the bonded or floating indebtedness of Cumberland County, as provided in section 6 of said act, such agreement having been deferred, pending a judicial determination of this controversy. . . . That each of the respective boards of commissioners, through the officers of their respective counties, assert and are attempting to (517) maintain general jurisdiction of the territory in question for all governmental purposes." Upon these, the controlling facts relevant to the inquiry, it was contended for the commissioners of Cumberland that the act of 1911 is invalid and unconstitutional and that the territory in question has always been and is now a part of Cumberland County. That the municipal authorities of Harnett County should be restrained and enjoined from collecting taxes or exercising any governmental authority over said territory.
Defendants contend that the act is valid, and ask that the commissioners of Cumberland be restrained.
The court entered judgment, (1) declaring the act constitutional and valid; (2) restraining commissioners of Cumberland from collecting taxes in said territory; (3) directing commissioners of the two counties to ascertain the proportionate part of the bonded indebtedness, etc., of Cumberland County properly chargeable to Harnett, etc.
To this judgment commissioners of Cumberland excepted and appealed.
After stating the case: Numerous and repeated decisions of the Court are in affirmance and illustration of the principle that "Counties and townships are, as a rule, simply agencies of the State constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of ordinary governmental *Page 407 
functions they are subject to almost unlimited legislative control, except when restricted by constitutional provision." Trustees v. Webb,155 N.C. 379; Lutterloh v. Fayetteville, 149 N.C. 65; Jones v.Commissioners, 143 N.C. 59; S. v. Commissioners, 122 N.C. 812;McCormac v. Commissioners, 90 N.C. 441; Mills v. Williams, 33 N.C. 558. Speaking to this question in Stoke's case, supra, the ChiefJustice said: "The defendant suggests, however, that it infringes upon the provisions of the Constitution `establishing and requiring them to be maintained in their integrity.' But we do not find any such (518) provisions. The Constitution recognizes the existence of counties, townships, cities, and towns as governmental agencies, White v.Commissioners, 90 N.C. 437, but they are all legislative creations and subject to be changed, Dare v. Currituck, 95 N.C. 189; Harrisv. Wright, 121 N.C. 172; abolished, Mills v. Williams, 33 N.C. 558, or divided, McCormac v. Commissioners, 90 N.C. 441, at the will of the General Assembly."
The power of the Legislature then, being ample, it is clear from a perusal of the statute that the territory in question has been detached from Cumberland and made a part of the county of Harnett, and except as to taxes already levied and civil and criminal cases already commenced, these limitations being expressly made by the act itself, the county of Cumberland and its officers may not further exercise direct authority in said territory.
It is urged that the act in question is invalid because the same was not passed as required by Article II, sec. 14, of the Constitution, that in reference to incurring State and municipal indebtedness. Connor 
Cheshire's Constitution, pp. 117 and 118. But this is not a correct apprehension of the terms and purpose of the act. The power to exercise ordinary governmental functions, collecting taxes, etc., was given to the county of Harnett in the act creating the county in 1855, and the present statute simply annexed additional territory to the county, thereby bringing the same within the power. As to contracting debts and the levy and collection of taxes to pay the same, these questions will be referred to the statutes applicable and to the revenue acts, general or special, controlling in such matters.
When, as in this case, a portion of territory is detached, etc., the burdens of existent indebtedness and the apportionment thereof, in the absence of constitutional provision and in so far as the inhabitants are concerned, are referred entirely to the legislative discretion. Lutterlohv. Fayetteville, supra; Commissioners of Dare v. Commissioners ofCurrituck, 95 N.C. 189; Currituck v. Commissioners of Dare,79 N.C. 565. Under the statute we are now considering, the (519) *Page 408 
Legislature intends that the existent indebtedness shall be apportioned and, in the proviso to section 6, has directed that the commissioners of the two counties "shall have full power and authority to properly adjust the share of the bonded and floating debt of Cumberland County outstanding on the first day of May, 1911, which is properly chargeable to the detached portion of Cumberland County, and to make an equitable levy of taxes thereon to cover the same and to provide for the collection and payment thereof." This is a case where the conferring of power imposes the duty for its exercise. Jones v. Commissioners of Madison, 137 N.C. 580. And the final portion of his Honor's judgment comes well within the purview of the statute and the precedents applicable to the facts presented. Commissionersv. Commissioners, 107 N.C. 291. There is no error, and the judgment of the Superior Court is
Affirmed.
Cited: Pritchard v. Comrs., 160 N.C. 478.