J. J. HECKERT ET AL. v. ABERDEEN GRADED SCHOOL.

(Filed 13 December, 1922.)

**1. Schools—School Districts—Consolidation—Nontax Territory—Election —Taxation Bonds—Injunction.**

An exception to the issuance of bonds for school purposes by a district consolidated of special tax and nonspecial tax territory, on the ground that the question of taxation had not been separately submitted to the voters of the nontax territory, is untenable, when it appears from the record, on appeal, that the votes cast in the nontax territory had been separately counted, and found to be in favor of the proposition to issue the bonds, sought to be enjoined in the plaintiff's suit. *Board of Education v. Bray, post,* 484; *Barnes v. Comrs., ante,* 325.

**2. Same—Notice of Election—Publication—Appeal and Error.**

The issuance and sale of bonds for school purposes by a school district may not be successfully attacked on the ground that the notice of election was insufficient, when it is properly made to appear that, in accordance with the order of the board of commissioners, it had been previously advertised for four successive weeks in a newspaper published in the district; personal notice had been mailed to the individual electors therein; that wide publicity had been given it; that fair opportunity had been given the electors to cast their votes, and that practically a full registration had been obtained, which resulted in an overwhelming vote in favor of the proposition submitted.

APPEAL by plaintiffs from *Brock, J.,* at chambers in Wadesboro, 30 November, 1922, from MOORE.

Civil action to restrain the defendants from issuing and offering for sale certain school bonds, upon the alleged ground that the elections, under which the district in question was enlarged and the bonds approved by a majority of the qualified voters resident within the enlarged district, were illegally held, and are therefore void.

From an order denying the application for relief, plaintiffs appealed.

*J. L. Morehead for plaintiffs.*
*U. L. Spence for defendants.*

STACY, J. On 5 June, 1922, the trustees of the Aberdeen Graded School District petitioned the board of education and board of commissioners of Moore County to enlarge the boundaries of said district and to include therein certain contiguous territory, which embraced Pine Bluff Graded School District and other territory, in which there was not levied at that time any special tax for schools. Pursuant to this petition, an election was ordered and held on 11 July, 1922, in the territory proposed to be annexed; that is, in the Pine Bluff district and in

the nonspecial tax territory, and at said election a majority of the qualified voters resident in the territory to be added voted in favor of the enlargement. C. S., 5478, and C. S., 5530.

After the result of the election had been declared by the board of commissioners, the trustees of the Aberdeen Graded School District petitioned for an election for the purpose of issuing $75,000 of school bonds of the enlarged district. This election was duly ordered to be held on 12 September, 1922, and at said election 180 out of 223 qualified voters voted in favor of the issuance of the bonds, and 10 against it. This was comparatively a large vote out of practically a full registration.

At both of these elections a new registration of the voters was ordered for the territory voting at said elections. Notice of the new registration for the election of 11 July, 1922, was first published on 5 June, 1922, and the registration books were kept open from 8 June, 1922, to 1 July, 1922. For the election of 12 September, 1922, the first notice of the new registration was published on 11 August, 1922, and the registration books were kept open from 10 August, 1922, to 2 September, 1922.

Plaintiffs contend that the election for the enlargement of the Aberdeen Graded School District was invalid for the reason that the voters of the Pine Bluff School District and the nonspecial tax territory, both being included in the addition, were not each given the opportunity of voting separately upon the proposed enlargement, but that such vote was taken in the entire new territory as a whole.

Without suggesting any merit for this contention, we think it becomes academic in the face of an affirmative showing, as appears from the record, that a majority of the qualified voters resident in the Pine Bluff District and the original nonspecial tax territory, counting the votes cast in each separately, voted in favor of both propositions in both elections. *Board of Education v. Bray, post,* 484; *Barnes v. Comrs., ante,* 325.

The second contention of the plaintiffs is that the notices given in regard to the new registration were insufficient. Notice of each election was duly posted and published in the *Sandhill Citizen,* a newspaper published in the district, for four successive weeks, as required by the order of the board of commissioners; and, in addition thereto, notices in the form of letters were mailed to each of the voters, and a full and free expression had in both elections. Wide publicity was given throughout the district in both elections, and, as a result, a large majority cast their ballots in favor of the enlargement of the district, and the issuance of the bonds. We think this objection must be overruled on authority of *Hill v. Skinner,* 169 N. C., 405; *Briggs v. Raleigh,* 166 N. C., 149; *Younts v. Comrs.,* 151 N. C., 582. See, also, *Miller v. School District, ante,* 197.

The object of notice, both of the registration and election, is to give every qualified voter a free and fair opportunity to express his opinion on the question submitted to the people for their approval or disapproval; and there is no suggestion or allegation that this was not done in the instant case, nor that the result would have been otherwise if further notice had been given. Each voter was given personal notice by mail in addition to the published notices; and a large majority of them did register and vote. The registration books were kept open from 8 June to 1 July in the first election, and from 11 August to 2 September in the second election. "The failure to give notice for the full time before an election required by statute will not render the election invalid, if there were sufficient notice thereof and a full vote." 10 A. & E. (2 ed.), 630.

The judgment upholding the validity of the consolidation and the proposed issue of bonds must be sustained.

Affirmed.