W. M. SPARKMAN ET ALS., CITIZENS, RESIDENTS, AND TAXPAYERS OF HALL TOWNSHIP, ETC., v. THE BOARD OF COMMISSIONERS OF GATES COUNTY.

(Filed 20 February, 1924.)

1. Schools — School Districts — Combination — County Board of Education—County Commissioners—Taxation—Elections—Statutes.

The county board of education may form new school districts by combining contiguous or adjoining special local with nonspecial existing tax districts (art. 18, ch. 136, Public Laws 1923), and upon petition of the voters filed under section 219, article 7, a valid election may be called by the county commissioners under the further provision of said article 18 to vote upon the question of a special tax for the district so formed under the statutory limitations as to the rate imposed, and the observance of the condition required by the statute to take care of the indebtedness already incurred by such of the special districts thus in the combination

as may have theretofore voted for a special school tax within their former boundaries. The question as to special-charter school districts is not presented in this case.

**2. Same.**

Where, by proper statutory procedure, a school-tax district has been formed by a combination of existing special and nonspecial local-tax districts, and accordingly the county commissioners have called an election for the approval of the voters of a special tax, such approval by a majority of the electors registered therein is valid, the election being for the new district thus formed, and the fact that one or several of the districts incorporated had voted against the proposed tax does not invalidate it. The sections of the Consolidated Statutes requiring the separate approval of the voters of the nonspecial school-tax territory have no application.

**3. Same—Constitutional Law—Statutes.**

Where nonspecial school-tax districts have been combined into a school-tax district with special school-tax districts, the nonspecial tax districts cannot maintain the position that it was necessary to the valid imposition of a special tax for school purposes within the district thus created, that the voters within each nonspecial tax district should approve it. Article 18, chapter 136, Public Laws 1923, otherwise providing, the Legislature having almost unlimited constitutional authority over these local agencies of government, and may at any time change and combine them, irrespective of territorial limits, by safeguarding certain restrictions imposed by the Constitution.

CIVIL ACTION, heard pursuant to a continuance on return to a preliminary restraining order, before his Honor, *Bond, J.,* at Elizabeth City, N. C., on 22 October, 1923. The pertinent facts as agreed upon, and the ruling of the court thereon, are embodied in his Honor's judgment, as follows:

"1. That the plaintiffs, W. M. Sparkman *et als.* are citizens of Gates County, N. C., and are residents and taxpayers of Eure Church School District in said township, district being Hall, No. 2.

"2. That the defendants are duly elected and qualified commissioners of Gates County, charged under the law with the duty of levying and having the taxes collected.

"3. That the taxes in Gates County are collected by the township tax collectors, and that Kindred Parker is the duly elected and qualified tax collector in Hall Township.

"4. That on 11 July, 1923, and prior thereto, there were a number of school districts in Gates County, among which were the Eure Consolidated, Eure Church, and Reedy Branch districts, same being consecutive and contiguous, and all of which may be embraced in one common boundary.

"5. That in Eure Consolidated District the citizens thereof had, prior to 11 July, 1923, voted upon themselves bonds in the amount of $15,000,

which were a valid and outstanding obligation on said date, and that prior thereto there had been levied and collected a maximum tax rate not to exceed 30 cents on the $100, for the purpose of paying interest on same and to create a sinking fund to retire same at maturity.

"6. That in neither of the two, Eure Church and Reedy Branch, had there ever been, prior to said date, voted any special local tax for school purposes.

"7. That on 11 July, 1923, the following petition, marked 'A,' was presented to the county board of education.

"8. That said petition was properly endorsed and approved by the Board of Education of Gates County, and by it presented to the board of county commissioners on same day, and by the said board ordered and recorded on the minutes of the said board, and all other things requisite and necessary to the calling of an election for special tax for schools in said territory, as a special school-taxing district, were done and performed.

"9. That pursuant to said petition an election was called in the special school-taxing district, to be held at Eure, N. C., on 25 August, to ascertain the will of the voters as to whether there should be levied and collected annually a local tax not to exceed 30 cents on the $100 valuation of property in the aforesaid territory embraced within the three districts—Eure Church, Eure Consolidated, and Reedy Branch districts—to supplement the six-months school fund.

"10. Said election was in all respects regular and legal.

"11. That at said election there were 194 registered and qualified voters from all three districts.

"12. That from the entire registered voters 128 voted for said tax and the remaining 66 either did not vote at all or voted against said tax.

"13. That from Reedy Branch District there were registered 16 voters and that of said number 8 voted for the tax, 4 voted against said tax, and 4 registered voters did not vote at all and consequently were counted against the tax.

"14. That from the Eure Church District there were 48 registered voters, and that of this number 2 voted for, and that the remaining 46 either voted against or did not vote at all, 40 of which did vote against the tax.

"15. That said election was held at Eure, N. C., said place being within the Eure Consolidated District, and that C. E. Sawyer was registrar and R. B. Harrell and R. C. Felton were poll-holders, all of whom were residents of the Eure Consolidated District, which district is a part of the special school-taxing district, as described.

"16. That W. M. Sparkman and J. E. Askew, Jr., two of the school committeemen of Eure Church School, went before the superintendent

of Schools on or about 3 September, 1923, and requested that a teacher be employed for their school, and that the superintendent informed them that there would probably be no teacher employed for said school, and that the students would probably be expected to attend the Eure Station School (known as Eure Consolidated), since he understood that the board anticipated consolidating the districts with the Eure Consolidated School.

"17. That the three districts referred to above were consolidated on 3 September, 1923, in accordance with the county-wide plan of organization of the county board of education. (See 'Exhibit B.')

"18. That the county commissioners of said county have levied and are now threatening to collect a 30-cent special local tax on the $100 valuation of all property in the said three districts.

"19. That this suit was brought on 29 September, 1923, and that the restraining order was served on the board of county commissioners on 1 October, 1923.

"20. That the tax book for Hall Township has not been delivered.

"21. Reedy Branch District is located within Reynoldson Township.

"It is now, upon consideration thereof, adjudged by the court that the plaintiffs' motion to continue said temporary restraining order and injunction to the hearing, be and it hereby is denied, the court being of the opinion that the facts submitted do not justify or entitle it to grant the same. Out of respect for the views of counsel for the plaintiffs who desire to have said ruling reviewed by the Supreme Court, said restraining order is continued until 25 February, 1924, and no longer, so as to preserve present conditions until that date.

W. M. BOND, *Judge.*"

It further appeared that the Board of Education of Gates County had adopted the county-wide plan pursuant to chapter 136, Public Laws 1923, sec. 73a.

Plaintiffs excepted and appealed.

*Aydlett & Simpson and A. P. Godwin for plaintiffs.*
*T. W. Costen and Ehringhaus & Hall for defendants.*

HOKE, J. Under article 18, chapter 136, Laws 1923, being an act to codify the laws relating to public schools, authority is given to county boards of education to create special school-taxing districts in territory as follows: "(1) a township; (2) two or more contiguous or consecutive districts, all of which may be embraced within one common boundary; (3) two or more contiguous or consecutive townships, all of which may be embraced within one common boundary; (4) one or more dis-

tricts and one or more townships contiguous, all of which may be embraced within one common boundary; and (5) the entire county, excluding one or more townships or one or more special-charter districts."

The power in question extends to both local and nonlocal taxing districts, but does not seem to include special-charter districts unless these last have surrendered their charters and become local-tax districts, pursuant to the provisions of section 157 of the law. This last position is not further pursued for the reason that in the present case no special-charter district is presented, but we are informed that the school authorities have construed the article so as not to embrace such districts within the meaning of article 18, unless surrender has been made as suggested. After the boundaries of the special school-tax district have been defined and recorded on the minutes of the county board of education, an election may be had for a special tax, not to exceed 50 cents on the $100 valuation of property, real and personal, within the district, on the filing of a proper petition, which shall be endorsed by a majority of the governing boards of the school districts within the designated boundary, and approved by the county board of education. Same shall be presented to the board of county commissioners, who shall order the election as requested. The character of the petition is not specifically set forth in article 18, but the same is manifestly provided for and controlled by section 219 of article 17, and is described as a "written petition, signed by twenty-five qualified voters who have resided at least twelve months within the district, and if less than seventy-five of such qualified voters are resident within the district, then by one-third of such voters."

The article further provides that if the tax as specified is approved by a majority of the qualified voters of the district, it shall operate to repeal all school taxes theretofore voted within local-tax or special-charter districts (which last may have been brought within the effects of the law), except taxes required to pay interest on bonds theretofore issued, or to retire said bonds when they mature. And the article (section 237) further provides "that the county board of education are authorized to assume and pay any and all bonded indebtedness, or part of same, from the special tax voted," provided that the revenue is sufficient to equalize the educational advantages and pay all or part of the interest and installment on said bonds.

From a perusal of the facts embodied in his Honor's judgment it appears that all of the formal requirements for the proper creation of the special district in question have been complied with, the proposed tax levy has been approved by the voters, and we can see no valid objection to the tax or the authorized procedure to collect the same.

It is contended for the plaintiffs that, as the measure was defeated in one of the nontax districts, the tax is not valid as to such territory, but

the article in question contains no such limitation, and the Court may not so interpret it. The former cases on this subject, to which we were referred (*Paschal v. Johnson,* 183 N. C., 129; *Perry v. Comrs.,* 183 N. C., 387; *Hicks v. Comrs.,* 183 N. C., 394; *Vann v. Comrs.,* 185 N. C., 171) were decisions construing the sections of the Consolidated Statutes appertaining to the enlargement of school districts, more especially section 5530, C. S., and which expressly required the approval of a majority of the voters in the added territory, but the article in question here is one providing for the creation of a new district, and in which the question of the tax shall be determined by all the voters within the boundary as defined and described in the minutes of the board, and the cases cited are not therefore apposite to the facts of the instant record.

Again, it is contended, as we understand the position, that the Legislature having created the districts, Eure Church and Reedy Branch, it was not within its constitutional power to impose a tax on said districts without a vote of the people therein; but, apart from the obligation to pay any indebtedness incurred, which is provided for in the school law, there is nothing contractual as to the continued existence or maintenance and control of these school districts. They are but public *quasi*-corporations, created by the Legislature for the exercise of governmental functions in designated portions of the State's territory, and are subject to almost unlimited legislative control.

In *Trustees v. Webb,* 155 N. C., 379, it was held, among other things: "Counties and townships are, as a rule, simply agencies of the State, constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of ordinary governmental functions they are subject to almost unlimited legislative control, except when restricted by constitutional provision.

"Under our Constitution, the Legislature is given power to create special public *quasi*-corporations for governmental purposes in certain designated portions of the State's territory subject to like control, and in the exercise of such power county and township lines may be disregarded."

In that case the opinion refers to *Smith v. School Trustees,* 141 N. C., 143, as follows: "Again, in *Smith v. School Trustees,* 141 N. C., 143, the Legislature incorporated a school district, confined territorially to portions of two existent townships, authorized the trustees of the district to issue bonds, levy and collect taxes, etc., and the Court, after full and careful consideration, held that this power of the Legislature over counties, townships, etc., when acting as governmental agencies, was not confined to the ordinary political subdivisions of the State, but that it authorized and extended to creating special public *quasi*-corpora-

tions for governmental purposes in designated portions of the State's territory, and that in the exercise of such power county and township lines could both be disregarded if such action was, in the judgment and expressed declaration of the Legislature, best promotive of the public welfare. And within the proper exercise of this power were included levee, school, drainage, road, and highway and other special-taxing districts."

And quotes also from *Jones v. Comrs. of Stokes,* 143 N. C., 59, opinion by the present *Chief Justice:* "The defendant suggests, however, that it infringes upon the provisions of the Constitution establishing counties and requiring them to be maintained in their integrity. But we do not find any such provisions. The Constitution recognizes the existence of counties, townships, cities, and towns as governmental agencies (*White v. Comrs.,* 90 N. C., 437), but they are all legislative creations and subject to be changed (*Dare v. Currituck,* 95 N. C., 189; *Harriss v. Wright,* 121 N. C., 178), abolished (*Mills v. Williams,* 33 N. C., 558), or divided (*McCormac v. Comrs.,* 90 N. C., 441) at the will of the General Assembly." And the well-considered case of *Board of Education v. Bray,* 184 N. C., 484, is in full recognition of this same general principle.

The Legislature, therefore, having the full power, provides for the creation of a new district, as it has done, and the measure having been submitted to and approved by the voters of such district, the proposed tax levy is not open to the objection that it is superimposed without proper vote of the people, for the voters of the new district have become the proper body to pass upon and determine the question.

In the recent case of *Coble v. Comrs.,* 184 N. C., 342, the question was on the validity of a statute applicable to the county of Guilford, and therefore not a direct decision on the facts of the present record, but the principles involved in the present law were presented and fully discussed, and it was no doubt owing to the suggestions made in that valuable opinion by *Associate Justice Adams,* and the decision of the Court thereon, that the present law was framed, and may be regarded as an apposite and controlling authority on the validity of this article 18 of the general statute. And the case of *Plott v. Comrs., ante,* 125, opinion by the same learned Judge, is also an authority in support of the judgment rendered.

There is nothing to present the question as to the effect of section 29, article 11 of the Constitution, prohibiting special legislation on this subject, as the authorities here are operating under a general law.

We find no error in the record, and the judgment of the lower court is
Affirmed.