J. O. BLUE, W. H. RICHARDSON AND BESSIE CAMERON v. BOARD OF TRUSTEES OF VASS GRADED SCHOOL DISTRICT, BOARD OF COMMISSIONERS OF MOORE COUNTY, AND BOARD OF EDUCATION OF MOORE COUNTY.

(Filed 19 March, 1924.)

**1. Schools—County-wide Organization—School Districts—Consolidation —Statutes.**

The statute, chapter 136, Laws of 1923, is a codification with certain modifications or changes of the then existing school laws of the State upon a county-wide plan of organization designing to make them more harmonious and efficient under a workable system for the counties adopting it.

**2. Same—Taxation—Bonds.**

Where a county has adopted the statutory county-wide plan of organization for its public school system, its board of education is empowered to establish new school districts or to consolidate or enlarge existent districts and to provide for levying of local taxes therein and issuing bonds when authorized by orders and election had as directed by articles 6, 17, 18 and 22 of the act.

**3. Same—Enlargement of Existing Districts.**

While under article 18 of the county-wide plan for the organization of public schools the public authorities are restricted to districts having established or recognized boundaries (section 234), under the authority of article 17 elections may be had, among other things, for enlarging an established district by including adjoining territory, and levying a tax thereon on petition of the governing board of the principal district and upon approval of the voters of the outside territory to be added as indicated in section 226 of the statute.

**4. Same—Elections—Approval of Voters.**

While special charter school districts do not as a rule come within the compulsory regulations of the public school authorities unless or until they have surrendered their special charter, chapter 136, Laws of 1923, sec. 157, the school authorities, under section 226, are empowered to enlarge one of these districts having a special tax, by adding outside adjoining territory so that it comes under the governing authorities of the special charter district thus enlarged, when the approval of the voters of the outlying territory proposed to be added have approved thereof at an election held for the purpose as directed by the statute. C. S., 5530, revised.

**5. Same—Constitutional Law.**

Under the provisions of the statute providing for a county-wide system of education, the school board, by proper procedure, is authorized to divide an existent school district therein (chapter 136, Laws of 1923, article 6) ; and the statute in relation thereto is constitutional and valid with the limitation that provision be presently and ultimately made for proper school facilities for the children therein. *Sparkman v. Comrs., ante,* 241, cited and approved.

**6. Same—Abolition of Existing Districts.**

Where, in accordance with the provisions of chapter 136, Laws of 1923, an existent special charter tax district has been enlarged to take in added and adjoining territory, it is not required that such district should have first been abolished to make the consolidation valid according to sections 227, 228, the requirements of these sections being intended to provide for the abolition of local-tax districts when that was the single question presented.

CIVIL ACTION heard and determined by consent before his Honor, *Shaw, J.,* holding the Superior Court at Carthage, N. C., on 25 January, 1924.

The action is to restrain the enlargement of the Vass School District in Moore County, and a proposed $50,000 bond issue voted by said enlarged district for school purposes therein.

On the hearing it appeared from the admissions in the pleadings and affidavits filed that under the consolidated law, chapter 136, Laws 1923, a county-wide plan had been duly adopted providing, among other things, "That Vass be made a school center so as to take in a portion of Crane's Creek School District, Moore's Hill, the Lakeview District, and some territory between the Lakeview District and the Camp Bragg line." That the territory to be added to Vass having been surveyed and properly delimited by surface boundaries, so as to include the Lakeview District, part of the Crane's Creek District, and the outlying territory as indicated, an election was held under the new school law, and the proposed measure was approved by a large majority of the voters of the added territory, and was also approved by a majority of the voters of each constituent part of the added territory. It further appeared that in a vote of the Vass District as enlarged a majority of the voters had duly cast their votes for the proposed bond issue. On these, the facts ,chiefly pertinent, the court entered judgment as follows:

"This cause coming on to be heard upon the complaint used as an affidavit, and the defendants entering a general appearance and waiving notice and filing answer, after hearing evidence and argument of counsel, the court being of the opinion that chapter 136, Public Laws of 1923, contains full authority for the action of the county board of education in dividing· Crane's Creek District, and the court having found from the evidence that a majority of the voters in that part of Crane's Creek School District included in the enlargement of the Vass Graded School District voted for said enlargement, and a majority of the voters of the nonlocal-tax territory included in the enlargement voted for the said enlargement, and the court being of the further opinion that the vote of the majority of the voters of the Lakeview School District for the enlargement repealed the local tax theretofore

voted in said district, and the court being of the further opinion that the said election upon the enlargement of the Vass Graded School District being in all respects valid, that the election upon the bonds of the enlarged school district was also in all respects valid.

"It is now, therefore, ordered, adjudged and decreed ·that prayer of plaintiff be denied. Defendants will recover their costs. This 25 January, 1924.                                    THOS. J. SHAW,
                                                    *Judge Presiding."*

Plaintiff excepted and appealed.

*U. L. Spence* for plaintiffs.
*J. L. Morehead* for defendants.

HOKE, J.   Chapter 136, Laws of 1923, purports to be a codification of the public school law of the State, containing the existent statutes relating to the subject, with certain modifications and additions designed to make it a more harmonious, efficient and workable system. Probably the most important addition to the former law is that which provides for a county-wide plan of organization, which is to afford the basis for the proper administration of the school law in the respective counties of the State.   This plan appears chiefly in section 73a of the statute referred to, and on matters more directly pertinent to this inquiry is as follows:

## "COUNTY-WIDE PLAN OF ORGANIZATION ·

"The county board of education shall create no new district nor shall it divide or abolish a district, nor shall it consolidate districts or parts of districts, except in accordance with a county-wide plan of organization, as follows:

"1. The county board of education shall present a diagram or map of the county showing the present location of each district, the position of each, the location of roads, streams and other natural barriers, the number of children in each district, the size and condition of each school building in each county.   The county board of education shall then prepare a county-wide plan for the organization of all the schools of the county.   This plan shall indicate the proposed changes to be made and how districts or parts of districts are proposed to be consolidated so as to work out a more advantageous school system for the entire county.

"2. Before adopting the county-wide plan, the county board of education shall call a meeting of all the school committeemen and the boards of trustees and lay the proposed plan before them for their advice and suggestions.   After receiving the advice of the committee-

28—187

men and trustees, the county board of education shall have authority to adopt a county-wide plan of organization, and no districts or parts of any district, including nonlocal tax, local tax, and special charter districts, hereafter referred to in this article, shall be consolidated or the boundary lines changed, unless the consolidation or the change of boundary lines is in accordance with the adopted county-wide plan of organization: *Provided,* that in the event the county board of education deems it wise to modify or change the adopted plan, the board shall notify the committeemen and interested patrons and give them a hearing, if they desire to be heard, before any changes shall be made. . . .

"5. In the event that any child or children of any district or any part of a district are without adequate school advantages, and these advantages may be improved by transferring said child or children to a school or schools in adjoining districts, the county board shall have authority to make such a transfer. But this shall not empower the county board of education to abolish or divide a district unless such act shall be in harmony with the county-wide plan of organization. The temporary transfer of such child or children may be made until such time as the county-wide plan will provide more advantageously for them."

Having adopted the plan as indicated, and in pursuance of same or modification thereof, made as the statute provides, the county boards of education are empowered to establish new school districts, or to consolidate or enlarge existent districts, and to provide for levying of local taxes therein and issuing bonds, etc., when authorized by orders and elections had as directed by articles 6, 17, 18 and 22, School Law.

In holding an election under article 18, the authorities are restricted to districts having established or recognized boundaries, such as a school district or township, or contiguous school districts or townships. Cons. School Law, sec. 234; *Sparkman v. Comrs., ante,* 241. But under article 17, elections may be had for the various purposes therein specified, and among them a district may be enlarged and a taxing district established in the same on petition of the governing board of the principal district, and on taking the vote of the outside territory to be added, as indicated in section 226 of the statute.

It may be noted that the original Vass Graded School is a special charter district, defined in section 3 of the act to include school districts incorporated by special act of the Legislature, and having its own board of trustees with duties prescribed by its charter, and extending also to school districts whose bounds are coterminous with incorporated cities and towns, and whose governments without special charter are empowered to establish a system of schools to be governed and controlled by a special board.

Such special charter districts do not as a rule come within the compulsory regulations of the public school authorities unless and until they have surrendered their special charter according to the provisions of section 157 of the School Law, but there is no reason why the school authorities under proper legislative sanction may not add to a special charter district outside territory, in enlargement of same, and which would thereby come also under the governing authorities of the special district. Such sanction appears in section 226 of the present law, which in our opinion on proper compliance confers the power on the public authorities to enlarge the special charter districts, and on these districts to receive and regulate and control the added territory. This section 226 is as follows:

"*Enlargement of Local Tax or Special Charter Districts.*—Upon a written petition of a majority of the governing board of any district the county board of education, after approving the petition, shall present the same to the board of county commissioners and ask for an election on the question of the enlargement of the boundary lines of any such district so as to include any contiguous territory, and an election in such new territory may be ordered and held under rules governing elections for local taxes as provided in this article: *Provided,* the local tax rate specified in the petition and submitted to the qualified voters shall be a local tax of the same rate as that voted in the said district to which the territory is to be added. If a majority of the qualified voters in such new territory shall vote in favor of such tax, the new territory shall become a part of said district, and the term 'local tax of the same rate' herein used shall include, in addition to the usual local tax, any tax levied to meet the interest and sinking fund of any bonds heretofore issued by the district proposed to be enlarged. In case a majority of the qualified voters at the election shall vote in favor of the tax, the district shall be deemed enlarged as so proposed. (C. S., 5530, revised.)"

And it appearing that all of its provisions have been duly complied with, the proposed enlargement properly approved by the voters of the outside territory, and the proposed bond issue by the voters of the district as enlarged, we are of opinion that no valid objection has been shown to either measure, and the judgment of the Superior Court to that effect is affirmed.

It is contended chiefly for appellant that under the general school law the authorities are without power to divide an existent district, but in our opinion the exception cannot be maintained. Under article 6, dealing principally with the establishment and consolidation and enlargement of districts, etc., including the adoption of a county-wide plan, as contained in section 73a, it is clearly contemplated that under

ordinary circumstances a district may be divided if deemed necessary. Thus, in the opening clause of section 73a, it is provided: "The county board of education shall create no new district, nor shall it divide or abolish a district, nor shall it consolidate districts or parts of districts, except in accordance with a county-wide plan of organization, as follows," etc. In subsection 2 it is stated: "No districts or *parts* of districts shall be consolidated unless in accordance with the adopted county-wide plan." And in subsection 5 it is provided, among other things: "That the county board shall not abolish or divide a district unless such act shall be in harmony with the county-wide plan."

As said in the recent case of *Sparkman v. Comrs., ante,* 241: "But apart from the obligation to pay existent indebtedness, which is amply protected and preserved by the law itself, there is nothing contractual about · the existence and continued maintenance of these school districts."

And in the well-considered case of *Board of Education v. Bray,* 184 N. C., 484, it is held, among other things: "That, apart from questions of taxation and proper provision for bonded or other indebtedness, the establishment and continued maintenance of these districts is in the sound discretion of the school authorities, with the limitations existent in the present law: (a) that they may only be altered in accord with a county-wide plan or lawful modification thereof; (b) that in any such change the authorities shall see to it that all the children are presently and ultimately provided for." 73a, subsection 5, and section 75.

And in reference to the formation and change of local-tax districts by enlargement, in section 226 it is required that the proposed measure shall be approved, as stated, by the voters of the new district, and on such approval "the local tax rate specified in the petition and submitted to the qualified voters shall be a local tax of the same rate as that voted in the said district to which the territory is to be added. If a majority of the qualified voters in such new territory shall vote in favor of such tax, the new territory shall become a part of said district, and the term 'local tax of the same rate' herein used shall include, in addition to the usual local tax, any tax levied to meet the interest and sinking fund of any bonds heretofore issued by the district proposed to be enlarged. In case a majority of the qualified voters at the election shall vote in favor of the tax, the district shall be deemed enlarged as so proposed. (C. S., 5530, revised.)"

When such an enlargement has been approved, as stated, and in pursuance of a county-wide plan, as in this instance, there seems to be no requirement that the measure should be also approved by each constituent part of the new territory, and if it were otherwise, in the

present case it appears that as a matter of fact there was a majority of votes for the proposed enlargement in each of the component parts of the territory to be added. *Heckert v. Graded School,* 184 N. C., 475.

It is further insisted that even if the power to divide a special-tax district is conferred, it can only be exercised after such district has been abolished according to sections 227-228 of the statute. But these sections in our opinion were intended to provide a method for the abolition of a local-tax district when that was the single question presented, and same do not and were not intended to apply to or affect the enlargement of a district under section 226 of the statute, and other portions of the law, in pursuance of a county-wide plan.

We consider it well to note as appearing of record that the portion of the Crane's Creek School District and the children therein, not included in the enlargement of the Vass District, have been properly cared for by a similar enlargement of the Cameron School District, a measure that was approved by the voters of those two territories, and which is also in accord with the county-wide plan adopted for Moore County.

We find no error in the record, and the judgment of the court below is

Affirmed.