T. J. HARRINGTON ET AL v. THE BOARD OF COMMISSIONERS OF ANSON COUNTY ET AL.

(Filed 29 April, 1925.)

**1. Education—County-wide Plan—Statutes—Petition—Endorsement.**

Under the adoption of a county-wide plan of education, C. S. 5481, it is not required that petitions in the district therein, when signed by the requisite number of qualified voters, be endorsed by the governing boards of at least a majority of the school districts, as applicable to "special school taxing districts," under the provisions of C. S. 5657, the proceedings being under a different statute, C. S. 5639, relating and confined to "school districts," the new district operating of itself and not by virtue of component units.

**2. Same—Taxation.**

Where a new school district has been formed on the county-wide plan of organization adopted according to law, C. S. 5481, and the election removes all taxing powers, the validity of the district thus formed is not affected by the fact that some of the districts theretofore existing had power to tax by virtue of previous elections and others had not, the taxing power in the county-wide plan of organization necessarily being the same.

**3. Same—Levy and Collection of Taxes.**

Where the county-wide plan of organization for educational purposes (C. S. 5481) has been adopted, the annual levy and collection of taxes, as those prescribed for other taxes, C. S. 5642, are expressly authorized by the statute of 1923 to be made for general county purposes, in the months of July, August and September, and the objection that the county commissioners should have acted in this respect in a different month is untenable.

APPEAL by plaintiffs from *Lane, J.,* at November Term, 1924, of ANSON.

HARRINGTON *v.* COMRS.

The plaintiffs as citizens, taxpayers and residents of Ansonville Special School District, in Ansonville Township, Anson County, instituted this action to have an election, at which a special school tax of forty cents on the $100 valuation of property within said district was voted, together with the consequent tax levy, declared void, and the sheriff of Anson County restrained from collecting the tax.

The defendants, including the board of education and the sheriff, denied plaintiffs' contentions and prayed that the election and levy be declared valid and the injunctive relief denied.

The court rendered the following judgment:

"This cause coming on to be heard, and being heard at the November Term, 1924, of the Superior Court for Anson County, before his Honor, Henry P. Lane, upon the records in the cause and the affidavits filed, and it appearing to the court and the court finding as facts:

"1. That the Board of Education of Anson County, after having notified the various school committeemen of Anson County, and the boards of trustees of schools, met in regular session on 21 July, 1924, giving information of the purposes of said meeting; that the said board met on said date and there was presented to it a diagram or map of Anson County showing the present location of each school district in Anson County, the position of each, the location of roads, streams and other natural barriers, the number of children in each district, the size and condition of the buildings in each school district; that said board of education then prepared a county-wide plan of organization of all the schools in said county of Anson, and indicated how the proposed changes were to be made, and how the districts and parts of the districts were proposed to be consolidated so as to work out a more advantageous school system for the entire county; that the said board listened to all suggestions and advice offered by the committeemen and trustees, after which a county-wide plan of organization was duly and lawfully adopted.

"2. That one of the districts of the county-wide plan adopted as above set forth was Ansonville Consolidated School District, which is described in the complaint in this action, which district was consolidated with boundary lines changed in accordance with the adopted county-wide plan of organization.

"3. That thereafter, on 23 July, 1924, a petition was duly presented to the said Board of Education of Anson County signed by more than one hundred qualified voters residing in said district, more than twenty-five of whom had resided in said district more than twelve months prior to the filing of said petition. A copy of said petition is attached to the complaint, which petition was properly endorsed by the board of education with the request that an election be held in accordance therewith.

And the Board of Commissioners of Anson County ordered an election to be held in said district, which order was made on 23 July, 1924, a copy of which order is attached to the complaint.

"That said election as ordered was held 30 August, 1924, and 289 voters, duly and legally qualified to vote in said election, voted in favor of said special tax; that 97 voters voted against said tax; that there was registered for the election a total of 458 voters, and more than a majority of said registered voters for said election voted in favor of the said special school tax, which said facts were duly and lawfully found by the Board of Commissioners of Anson County; that said election was, in all respects, duly and lawfully held.

"That thereafter, on 1 September, 1924, at the same time other tax levies for Anson County were made, the Board of Commissioners of Anson County levied the tax provided for in said election, which was forty cents on the one-hundred-dollar valuation of property in said district, and that the rate of tax levied in said district is uniform, and no territory in said district is paying a different tax in said district for school purposes, and that the levy aforesaid was in all respects legal and valid.

"4. That the funds necessary to carry out the plan for the county-wide plan of consolidated school districts in so far as the Ansonville Consolidated School District was affected, were approved by the county commissioners and the amount necessary to put in operation such plan was not greater than the amount that might be reasonably expected from the operating and equipment fund for that purpose, and the county board of education has created no debt for the execution for any part of said plan except as is authorized by law.

"5. That the petition asking that an election be called as above set forth was not signed by a majority of the governing board of a majority of the school districts embraced in the territory above described as the Ansonville Consolidated School District, nor by a majority of the school committeemen of the territory embraced in said Ansonville Consolidated School District.

"6. That said Ansonville school district as described was not an enlarged district already created, but was a new district created in the county-wide plan of organization as above set forth.

"Now, therefore, upon motion, it is ordered, adjudged and decreed by the court that the election held 30 August, 1924, was in all respects legal and valid, and that the tax levied by the county commissioners thereunder is legal, valid and binding, and that the order temporarily restraining the collection of said tax, dated 5 November, 1924, be and the same hereby is vacated and dissolved, and that the defendants do recover of the plaintiffs and their bondsmen the costs of this action to be taxed by the clerk."

Upon the facts in this judgment the plaintiffs contend that the conclusion of law therein is erroneous in three respects: (1) Insufficient petition for the election, in that the petition was not endorsed "by the governing boards of at least a majority of the school districts within the special school district proposed to be created." (2) That the election was invalid because some of the territory composing the present district has, as formerly existing districts, special power to tax by virtue of previous elections, and other parts of the territory never had, previous to the election in the instant case, voted any special tax. (3) That the levy of the tax pursuant to the election in the instant case was made by the commissioners of Anson County at their regular meeting in September, instead of June.

*Enos T. Edwards and H. P. Taylor for plaintiffs.*
*Frank L. Dunlap, and Robinson, Caudle & Pruett for defendants.*

VARSER, J. The only exception by plaintiffs, appellants, is to the judgment and its conclusions of law.

It distinctly appears that the Board of Education of Anson County complied, in all respects, with C. S., 5481, in adopting a county-wide plan of organization for the purpose of promoting a more advantageous school system for the entire county. Ansonville Consolidated School District was formed pursuant to and in accordance with this county-wide plan of organization. This plan was adopted 21 July, 1924.

A petition for the election in Ansonville Consolidated School District was presented on 23 July, 1924, signed by the requisite number (25) of qualified voters residing in Ansonville Consolidated School District more than twelve months prior to the filing of said petition. The election was held 30 August, 1924. For the special tax 289 votes were cast, and 97 votes against the same, out of a total registration of 458. This election was held in all respects as required by law. The tax levy as contemplated by said election was made by the Board of Commissioners of Anson County on 1 September (first Monday), 1924; and all other requirements of the law were fully met, unless invalidity arises from one of the three sources contended for by plaintiffs.

Plaintiffs' first contention is that a petition for the election was insufficient in that it was not endorsed by "the governing school boards of at least a majority of the school districts within the special school taxing district," known as "Ansonville Special School District," as contemplated in C. S., 5657.

C. S., 5657, relates to "special school taxing districts," and not to "school districts." Special school taxing districts are created by C. S., 5655; they include territory within more than one school district.

Hence, we find the legislative requirement in C. S., 5657 that, "the governing school boards of at least a majority of the school districts within the special school taxing district shall endorse the petition."

In the instant case the election was had pursuant to C. S., 5639, which relates to and is confined to *"school districts."* The petition is sufficient when signed by twenty-five qualified voters, provided the number of qualified voters in said school district equals or exceeds seventy-five, and if less, then only one-third of such number. This petition goes to the county board of education without any indorsement of the governing boards of the "school districts" included therein, because there are no school districts included. A new school district has been formed, and it operates of itself, and not by virtue of any composing units.

In *Sparkman v. Comrs.,* 187 N. C., 241, the procedure followed is that required by C. S., 5657; but in the instant case a new school district was created pursuant to the county-wide plan. The notice of the election in the instant case, contained a statement that, if election carried all taxes formerly voted "is hereby voted off." Hence, the difficulties which were encountered in *Hicks v. Comrs.,* 183 N. C., 394; *Perry v. Comrs.,* 183 N. C., 387; *Paschal v. Johnson,* 183 N. C., 129, and that class of cases, were obviated. In fact, when the case of *Coble v. Comrs.,* 184 N. C., 342, marked out the distinction between "school districts" and "taxing districts," and held that Article II, sec. 29, of the State Constitution, did not apply to the latter, but did apply to the former, then in full accord with this reasoning, the Legislature enacted chapter 136, Public Laws 1923, creating special school taxing districts (C. S., 5655), and providing a method for creating school districts (C. S., 5481). This applied the principles announced in *Coble v. Comrs., supra,* to the whole State.

In *Riddle v. Cumberland,* 180 N. C., 321, the same result as to "voting off" former taxing powers was held valid, on similar facts. The election was held in the *Riddle case* throughout the new school district and not in the hitherto nonlocal-tax territory, but it was then in a new district, and the new school district voted as a unit; so in the instant case.

The instant case avoids *Perry v. Comrs.,* 183 N. C., 387, and *Hicks v. Comrs.,* 183 N. C., 394, in that a new school district is formed, and there is no consolidation of districts. No creditors of any former district comprising this new school district appear to exist.

Hence, the second contention of the plaintiffs must fail, since this is not a consolidation of previous districts, some of which are special school taxing districts and others nonlocal-tax districts, but a new district has been formed in all respects as required by law, and the instant election removes all former taxing powers if, in fact, they existed, after

the adoption of the county-wide plan. Hence, the basis for this contention falls of its own weight. *Riddle v. Cumberland, supra; Sparkman v. Comrs., supra.*

This county-wide plan for the formation of school districts is discussed and upheld in *Blue v. Trustees,* 187 N. C., 431.

The plaintiffs' next contention is that the commissioners of Anson County had no power or authority to levy the taxes voted at the instant election on the first Monday in September, 1924.

Public Laws 1923, ch. 136, sec. 222 (C. S., 5642), provides that such taxes so voted "shall be annually levied and collected in the manner prescribed for the levy and collection of other taxes."

Public Laws 1923, ch. 12, sec. 9, allows the levying of taxes for general county purposes in the months of July, August and September; this puts the instant case within the express provisions of the law.

Therefore, we conclude that the judgment appealed from is correct in law, and therefore it is

Affirmed.