CLARKSON, J., dissenting.
Civil action to restrain the collection of an alleged unlawful tax and to declare the lien, sought to be asserted against plaintiff's property, void.
There being no dispute as to the facts upon which the controversy depends, a jury trial was waived and the matter submitted to the court, *Page 213 
on the facts agreed, which, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:
1. Chapter 205, Private Laws 1929, provides that, subject to an election to be held on 30 April, 1929, which was held and carried, the boundaries of the city of Asheville are to be extended so as to include additional territory, some incorporated and some not.
2. By the terms of said act, the date of annexation was deferred until 30 June following.
3. Prior to and at all times during the year 1929, the plaintiff owned real and personal property located in that part of the town of Biltmore Forest which was included within the new boundaries of the city of Asheville as set forth in the Extension Act above mentioned.
4. On 1 May, 1929, the plaintiff duly listed his property for taxation by the county of Buncombe and the town of Biltmore Forest, and has paid to the county and to the town of Biltmore Forest all the taxes levied and assessed against his property for the year 1929.
5. As soon as available, all tax lists of Buncombe County which relate to property and polls within the city of Asheville, are furnished to the city as its own tax lists.
6. On 8 October, 1929, the board of commissioners of the city of Asheville duly passed a tax ordinance, and endorsed the tax lists, prepared in conformity with said ordinance, so as to affect all property within the city, including that annexed under the Extension Act aforesaid.
The plaintiff contends that as his property was not within the corporate limits of the city of Asheville on 1 May, 1929, when the situs of taxable property was fixed by law for the ensuing tax year, and did not come within such limits until 30 June thereafter, the city was without power on 8 October, 1929, in the absence of special legislative authority, to levy a valid ad valorem tax on his property prior to the tax year 1930.
The plaintiff's position was upheld in the court below, and from a judgment enjoining the defendants from collecting the tax in question and declaring the same invalid, the defendants appeal.
The appropriateness of the proceeding, to test by injunction the validity of the alleged illegal tax, is asserted in R. R. v. Commissioners,188 N.C. 265, 124 S.E. 560.
There was some confusion in the law as it existed in 1929 as to whether the lien of State, county and municipal taxes attached annually *Page 214 
on the first day of May, the date of listing, or on the first day of June. C. S., 2815 and 7987; Chemical Co. v. Brock, 198 N.C. 342; Shaffner v.Lipinsky, 194 N.C. 1, 138 S.E. 418; Carstarphen v. Plymouth, 186 N.C. 90,118 S.E. 905. But however this may have been, it certainly attached annually under the general law, as then written, prior to 30 June, and we find nothing in the local statutes to take the present case out of the general class. Hence, it would seem that as plaintiff's property was not within the corporate limits of the city of Asheville on 1 May or 1 June, 1929, it was not subject to an ad valorem tax levied by said municipality for the fiscal year 1929. Shaffner v. Lipinsky, supra.
The decision in Harrington v. Comrs., 189 N.C. 572, 127 S.E. 577, strongly relied upon by the defendants, is not at variance with this position, for the Harrington case was controlled by other statutes and other laws.
It appears that at least six courts have considered similar questions, arising under slightly different laws and different fact situations, two upholding such taxes (Johnston v. Huntington, 71 W. Va. 106,76 S.E. 142; City of Westport v. McGhee, 28 Mo., 152, 30 S.W. 523), and four deciding against their validity (Detroit Trust Co. v. Detroit,248 Mich. 612, 227 N.W. 715; City of Gulfport v. Todd, 92 Miss. 428,46 So. 541; Chattanooga v. Raulston, 117 Tenn. 569, 97 S.E. 456;Austin v. Butler, 40 S.W. (Tex. Civ. App), 340).
The rationale of our own decisions would seem to point in the direction of the majority. Wachovia Bank Trust Co. v. Nash County, 196 N.C. 704,146 S.E. 861. Had the plaintiff been a nonresident of the State prior to 1 May, 1929, and on 30 June thereafter moved to Asheville, bringing property with him, the State would not have taxed the property, thus initially brought within its borders, for the year 1929, and it is not to be supposed, in the absence of specific legislative authority, that a municipality may do what the State itself does not do. City of Gulfport v.Todd, supra.
The Legislature, of course, may confer power on a municipality to fix its tax year at dates different from those fixed by the general law, but that is not the question here presented. Chattanooga v. Raulston, supra. We are construing the pertinent local and general statutes as they were written in 1929. The correct judgment was entered in the court below.
Affirmed.